**Ray Kennedy GRIFFIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00418–CR.**

Court of Appeals of Texas, Dallas.

Jan. 27, 1987.

**774**

J. Thomas Sullivan, Victoria L. Vellenga (Student Counsel), SMU Appellate Clinic, SMU School of Law, Gregory T. Miller and Roger M. Tafel (Student Counsel), Dallas, for appellant.

John Nation, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, McCLUNG and ROWE, JJ.

STEPHENS, Justice.

In a jury trial, Ray Kennedy Griffin was found to be guilty of burglary of a vehicle and the court assessed punishment at six years confinement. In two points of error Griffin challenges the sufficiency of the evidence and complains that the court improperly sustained the prosecutor's objection to defense counsel's closing argument. We disagree with Griffin's assertions and, accordingly, affirm the trial court's judgment.

█ In his first point of error Griffin contends that the evidence is insufficient to support his conviction for burglary of a vehicle. Sufficiency of the evidence is measured by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979):

> Whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Dickey v. State,* 693 S.W.2d 386, 387 (Tex. Crim.App.1984). The evidence viewed most favorably to the verdict shows that police officers Jeffery Hutchinson and Larry Kennedy were on an early-morning patrol when they observed a man crouched by a car that was parked near a service station. A pickup truck was parked next to the car. The officers observed that the man had a tire jack in his hand; the car's left front wheel with tire and hubcap had been completely removed; the car's right front tire's hubcap and lug nuts had been removed and the wheel was loose; and the car's battery had been removed. In the bed of the pickup truck that belonged to Griffin, the officers found a battery and a wheel with a tire that was the same size as the car's other tires.

Burglary of Vehicles is defined in the Texas Penal Code section 30.04:

> (a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.
>
> (b) For purposes of this section, "enter" means to intrude:
>
> > (1) any part of the body; or
> >
> > (2) any physical object connected with the body.

Griffin specifically claims that the evidence is insufficient to show that he broke into or entered the complainant's car because the complainant could not identify the battery as his own. The complainant testified that he did not know what type or brand of battery was in his car because he had never needed to work on the battery. We note that there is other evidence available from which the jury could draw the inference that Griffin entered the complainant's car and removed the battery: The police officers testified that the battery was missing from the complainant's car; the battery found in the bed of Griffin's truck fit into the complainant's battery bracket and the cables matched. Additionally, there were moisture and rust spots as well as pry marks on the battery that corresponded with spots and marks on the complainant's battery bracket. We hold that this evidence is such that a rational trier of fact could have found beyond a reasonable doubt, the essential elements of breaking or entering with the intent of depriving the owner of his property, the battery. *Carlsen v. State,* 654 S.W.2d 444, 448 (Tex. Crim.App.1983) (op. on reh'g). We overrule Griffin's first point of error.

In his second point of error, Griffin asserts that the trial court erred in sustaining the prosecution's objection to proper argument of defense counsel, thereby prejudicing his case.

■■■ The allegedly improper objection occurred during defense counsel's closing argument:

> All right. Now, you know nobody went inside the vehicle, or there's no testimony that anybody went inside the vehicle. You know that there's an allegation that tires were taken off the vehicle. Well, taking the tire off the vehicle does not break into or enter the vehicle. There's no—
> [Prosecutor]: Judge, we're going to object to that as a misstatement of the law.
> THE COURT: Sustained.

Defense counsel then continued this argument by requesting that the jury read the charge and decide if there had been a breaking or entry:

> [DEFENSE COUNSEL]: Well, you can read the charge for yourself, and it says it means to intrude any part of the body or any physical object connected with the body into the car. It says the term "break," it means the application of actual force to some part, such as breaking a vent, a windshield, or any part of it. Now, it goes on to say that the term "enter" means to intrude any part of the body or any physical object connected with the body. You decide for yourself, and I'm certainly not trying to get you to circumvent couple vent [sic] the charge, but you decide for yourself how you break or enter a motor vehicle when you take a tire off the vehicle. It's beyond me. It doesn't seem to me to have any connection with what the law says about breaking into or entering a vehicle.

An argument does not constitute reversible error unless manifestly improper, harmful and prejudicial when considered with the record as a whole. *Burke v. State*, 652 S.W.2d 788, 790 (Tex.Crim.App.1983). We will assume, without deciding, that the prosecutor's objection was improperly sustained, thus constituting error. By considering the record as a whole it is evident that the error, if any, was not reversible as

defense counsel himself cured any harm that might have been incurred through his request to the jury to consider the evidence for themselves and to examine the definitions of "break" and "enter" as they apply to the removal of a tire. Griffin's second point of error is overruled and the judgment of the trial court is affirmed.

McCLUNG, J., dissents.

McCLUNG, Justice, dissenting.

I respectfully dissent from the majority holding on point of error two. I would sustain this point, reverse the judgment, and remand the case for a new trial.

My first disagreement is the test applied by the majority to determine if the "assumed" error by the trial court is reversible. The test is: If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. TEX.R.APP.P. 81(b)(2). *See also Matthew v. State*, 699 S.W.2d 310, 312 (Tex.App.—Dallas 1985, pet. ref'd). The error was not one of jury argument committed by one of the attorneys. The error was the trial court putting "the stamp of judicial approval" on a statement of the law by the State's attorney that was contrary to the jury charge. *Burke v. State*, 652 S.W.2d 788, 790 (Tex.Crim.App.1983) (en banc).

My second disagreement is with the majority proposition that the defense counsel can cure such a judicial error of the trial court. The majority cites no authority for this proposition, and I know of none. In fact, authority exists to the contrary. *See Cook v. State*, 540 S.W.2d 708, 709–711 (Tex.Crim.App.1976) (trial court instruction to disregard persistent misstatement of law contrary to charge did not cure error). Consequently, I would reverse the judgment and remand for a new trial.