Ray Kennedy **GRIFFIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 241–87.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 1, 1989.

J. Thomas Sullivan, Dallas, for appellant.

John Vance, Dist. Atty. & Carolyn Fitz-Gerald, Bob Jarvis & Janet Cook, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of burglary of a vehicle. V.T.C.A. Penal Code 30.04. The trial court assessed punishment at six years confinement in the Texas Department of Corrections. On direct appeal, appellant's conviction was affirmed. *Griffin v. State*, 725 S.W.2d 773 (Tex.App.—Dallas 1987). The Court of Appeals overruled appellant's challenge to the sufficiency of the evidence and his complaint that the trial court erred in sustaining the prosecutor's objection to defense counsel's jury argument at guilt/innocence. We granted appellant's petition for discretionary review to determine whether the Court of Appeals was correct in concluding that defense counsel cured the trial court's error in sustaining the prosecutor's objection to the jury argument, and also to determine whether the Court of Appeals applied the correct standard of review in affirming appellant's conviction. We will reverse the judgment of the Court of Appeals and remand to that court for review consistent with this opinion.

A brief recitation of the facts of this offense will aid in the disposition of these grounds for review. Dallas Police Officers Jeffrey Hutchinson and Larry Kennedy were on duty on January 9, 1986, at 3:30 a.m. when they observed a man "crouched down" by a car parked at a Glo–Co service station. A pick-up truck was parked approximately three or four feet from the car. The police officers parked their vehicle near the car wash adjacent to the service station and approached the man. The officers noticed the man had a tire jack in his right hand, but he slid it underneath the pick-up as the officers approached. The officers found a tire tool between the car and the pick-up, and a battery and a tire mounted on a wheel in the bed of the pick-up. The man told the officers he was having trouble with the battery in his pick-up. The police officers opened the hood of complainant's car and discovered the car's battery had been removed. The officers observed that the battery in the bed of appellant's pickup matched in several ways to the battery missing from the car. Pry marks on the car's battery cables matched pry marks on the terminals of the battery in the bed of appellant's pickup. Corrosion on the car's battery bracket matched corrosion on the battery in the bed of appellant's pickup. The officers arrested appellant who was subsequently indicted for burglary of a motor vehicle, to wit that appellant did "break into and enter a vehicle" without the owner's effective consent and with intent to commit theft.

At trial, defense counsel was attempting to show the jury that, since the owner of

the vehicle could not identify the battery in evidence as the one missing from his car, the circumstantial evidence (detailed in the above paragraph) involving the battery was insufficient to justify a verdict of guilty beyond a reasonable doubt. The defense strategy was twofold: first, to persuade the jury that thus there was insufficient evidence that appellant *broke into and entered* the car to take the car battery,[1] and secondly to urge to the jury that the removal of tires from the outside of the car did not constitute *entry* even if the jury believed that appellant did steal the tires from the car. If the appellant never broke into and entered the complainant's car, he of course could not be convicted of burglary.

In the course of final arguments, defense counsel made the statement that removing tires from a car does not constitute breaking into or entering that vehicle. The prosecution immediately objected, stating that defense counsel's assertion was a misstatement of the law. The trial court sustained the objection. Then defense counsel suggested to the jury that they could read the charge for themselves and argued, from the definitions in the charge, that he could not see how removing tires from a car could constitute breaking or entering a vehicle.

The Court of Appeals, without deciding whether the sustaining of the State's objection was erroneous, held that defense coun-sel "cured" the trial court's arguably erroneous sustentation by referring the jury to the court's charge. In doing so the Court of Appeals applied the "manifestly improper, harmful and prejudicial" test used to consider whether argument is harmful, citing *Burke v. State,* 652 S.W.2d 788 (Tex. Cr.App.1983).

As previously stated, we granted this petition to determine whether the Court of Appeals was correct in deciding that defense counsel, by referring the jury to the charge, "cured" any possible error in the trial court's sustaining of the State's objection, and to decide whether the Court of Appeals applied the correct standard for appellate review in so holding.

■ As to appellant's second ground for review regarding the standard of review used by the Court of Appeals to affirm his conviction, we find the Court of Appeals erred in using the standard for review of improper argument set forth in *Burke.* The assumed error in this cause was the sustentation by the trial court of the prosecutor's objection to defense counsel's jury argument when that argument was proper and permissible. The error was not improper jury argument as addressed by *Burke.* Thus, the assumed error is trial error, which is subject to a harm analysis as set forth now in Tex.R.App.Pro. 81(b)(2),[2] and not the standard for jury argument error discussed in *Burke.* We con-

---

1. The Court of Appeals found against the appellant on his legal challenge to the sufficiency of the (circumstantial) evidence that he entered the complainant's vehicle, and that finding is not challenged in this petition.

2. Recently, in *Harris v. State* (Tex.Cr.App. No. 69,366 delivered June 28, 1989), we expounded on the methodology involved in making an 81(b)(2) harmless error analysis. As summarized in *Belyeu v. State* (Tex.Cr.App. No. 69,654 delivered September 27, 1989) the *Harris* case held:

"A harmless error determination is most often conducted pursuant to Tex.R.App.Proc. 81(b)(2). Recently we devoted a great deal of thought to just how such an analysis should be conducted once this Court has determined the trial court erred. In *Harris v. State* (Tex. Cr.App.1989), we thoroughly discussed and elucidated the principles an appellate court should follow when deciding whether an error constitutes reversible error. The first focus of this Court when engaging in this 81(b)(2) analysis is the error. We first isolate the error and its effects. To do this procedure, we look at the source and nature of the error committed. The effects of the error will depend upon the facts of the case *sub judice,* the type of error, and the emphasis placed on the error by the State. We must look at the impact, if any, the error may have had on the jurors' deliberations, i.e. the weight the jurors have given the error. The effect of the error must be viewed, however, not in isolation but in light of all the other evidence admitted during trial. It is not determinative that there is overwhelming evidence of appellant's guilt or that we believe the trier of fact reached the correct verdict; we must bear in mind that we are calculating, to the extent possible, the effect or impact the error had on the jury."

clude the Court of Appeals erred in applying *Burke* in its review of appellant's points of error.

In deciding appellant's first ground for review we, like the Court of Appeals, assume without deciding that the trial judge erred when he sustained the State's objection (i.e. defense counsel's statement that "taking the tire off the vehicle does not break into or enter the vehicle" was a correct statement of the law).[3] Having assumed error for purposes of these grounds for review, we must determine whether the Court of Appeals correctly concluded the error was "cured".

In this case, assuming *arguendo* the trial court erred, when the trial judge sustained the State's objection he put his imprimatur of authority behind the prosecutor's incorrect statement of the law which was verbalized as the ground for the objection and, in effect, gave an incorrect statement of the law to the jury. In this vein we note that the *Burke* opinion, cited as authority by the Court of Appeals, implies that incorrect statements of law in an argument pose infinitely more harm than incorrect statements of fact. *Burke*, 652 S.W.2d at 790. As in *Burke*, this incorrect statement of the law impacted a critical element in appellant's defense; in fact, this element was the crux of the defensive theory.

■ If the jury charge were specific as to application of the terms breaking or entering in reference to the removal of tires from a car, the charge would have possibly had enough information for the jury to determine the correctness or incorrectness of the defense counsel's statement. This is not the case, however, and we find the supposed "cure", defense counsel's reference to the jury charge, excessively weak in weight when compared to

the trial court sustaining the prosecution's objection, which, in effect, told the jury that removal of tires from a vehicle does indeed constitute breaking or entering a vehicle. Thus we hold, from a review of the totality of the record, the error was not "cured".[4]

We reverse the judgment of the Court of Appeals and remand this cause to that court to determine whether the trial court erred in sustaining the State's objection to defense counsel's jury argument, and, if so, whether such error was harmless under Rule 81(b)(2).

McCORMICK, P.J., and CLINTON, CAMPBELL and BERCHELMANN, JJ., concur in the result.

---

3. Since the Court of Appeals did not decide but merely assumed the trial court erred, we are not presented with a holding to review on that ground, nor did appellant raise this issue as a ground for review in his petition.

4. The Court of Appeals held, *inter alia*, that "[b]y considering the record as a whole it is evident that the error, if any, was not reversible as defense counsel himself cured any harm that might have been incurred ..." This statement

confuses the concepts of error and harm as we perceive them. If an error is "cured" then there cannot possibly be any harm. The Court of Appeals apparently meant the error was harmless; *ergo* the error was not cured. As we pointed out in our discussion of the second ground for review, the Court of Appeals failed to engage in a proper harm analysis under Rule 81(b)(2), assuming there was error in this case.