**Ray Kennedy GRIFFIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00418–CR.**

Court of Appeals of Texas, Dallas.

Jan. 25, 1990.

Discretionary Review Granted May 23, 1990.

J. Thomas Sullivan, Mike McCollum, Victoria L. Vellenga, Gregory T. Miller, Roger M. Tafel, Dallas, for appellant.

Carolyn FitzGerald, Dallas, for appellee.

Before ROWE, McCLUNG and BURNETT[1], JJ.

## OPINION ON REMAND

BURNETT, Justice.

A jury convicted Ray Kennedy Griffin of burglary of a vehicle. On appeal, appellant challenged the sufficiency of the evidence and contended that the trial court improperly sustained the State's objection to defense counsel's statement of law made during his jury argument. This Court held that the evidence was sufficient to prove beyond a reasonable doubt the essential elements of the offense and that the trial court's error, if any, was not reversible because the defense counsel cured any harm. 725 S.W.2d 773 (Tex.App.—Dallas 1987). The Court of Criminal Appeals held that this Court applied the wrong standard of review in affirming appellant's conviction and remanded the cause to this Court to determine whether the trial court erred in sustaining the State's objection and, if so, whether the error was harmless. 779 S.W.2d 431 (1989). We affirm the trial court's judgment.

### THE TRIAL COURT PROPERLY SUSTAINED THE STATE'S OBJECTION

On original appeal, appellant contended that the trial court erred in sustaining the State's objection to defense counsel's jury

argument that removing the tires from a vehicle constituted theft rather than burglary of a vehicle. Section 30.04 of the Texas Penal Code states that a person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle with intent to commit any felony or theft. "Enter" means to intrude any part of the body or any physical object connected with the body. TEX. PENAL CODE ANN. § 30.04 (Vernon 1974).

The following exchange occurred during defense counsel's jury argument:

> DEFENSE COUNSEL: ... the court has defined in its charge the offense, the elements of the offense, and it says that a person must break or enter a vehicle. All right. Now, you know nobody went inside the vehicle, or there's no testimony that anybody went inside the vehicle. You know that there's an allegation that tires were taken off the vehicle. Well, taking tires off the vehicle does not break into or enter the vehicle ...

> THE STATE: Judge, we're going to object to that as a misstatement of the law.

> THE COURT: Sustained.

■ To establish burglary of a vehicle, the State need not prove that appellant entered the passenger compartment of complainant's car. *See Coleman v. State*, 608 S.W.2d 923, 924 (Tex.Crim.App.1980); *Smith v. State*, 781 S.W.2d 675, 677 (Tex. App.—1989, no pet.) An accused enters a pickup truck within the meaning of the statute if he or his companions reach into the bed of the truck and remove objects. *Coleman v. State*, 608 S.W.2d at 924; *Smith*, at 677. Insertion of a key or any object to remove the hubcaps is "entry" of the vehicle under the Texas Penal Code. *See Smith*, at 677; *Love v. State*, 744 S.W.2d 247, 249–250 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd); TEX. PENAL CODE ANN. § 30.04(b)(2) (Vernon 1974).

■ The record shows that police officers observed appellant with a tire tool in

---

1. The Honorable Joe Burnett, Justice, succeeded the Honorable Bill J. Stephens, Justice, at the expiration of his term.

his hand, crouched by complainant's car, from which the lug nuts of both front wheels had been removed. The left front wheel had been completely removed, and the lug nuts and hub cap were lying on the ground. The right front tire had been removed, and the wheel was loose. Defense counsel stated in his jury argument that taking tires off a vehicle does not *break into* or *enter* a vehicle. The State objected, claiming that defense counsel had misstated the law, and the court sustained the objection.

Appellant's use of a tire tool to remove hub caps and tires from a vehicle constituted intrusion upon a part of the car by a physical object connected with his body. *See* TEX. PENAL CODE ANN. § 30.04 (Vernon 1974). The trial court did not err in sustaining the State's objection to defense counsel's argument.

## HARM ANALYSIS

 Even if the trial court erred in sustaining the State's objection, the error was harmless if we determine beyond a reasonable doubt that the error made no contribution to the conviction or punishment. TEX. R. APP. P. 81(b)(2). To determine whether error is harmless, we must calculate its probable impact on the jury in light of all the other evidence admitted at trial. *Belyeu v. State*, No. 69,654 (Tex.Crim.App. Sept. 27, 1989) (not yet reported); *Harris v. State*, No. 69,366 (Tex.Crim.App. June 28, 1989) (not yet reported).

The record shows that the officers who arrested appellant opened the hood of complainant's car and discovered that the battery had been removed. The officers observed a battery in the bed of appellant's pickup truck parked nearby. Pry marks on the car's battery cables matched pry marks on the battery's terminals. Corrosion on the car's battery bracket matched corrosion on the battery.

The State's trial strategy was to show that appellant entered the car to remove the battery and also entered the car to remove the tires. The defense attempted to persuade the jury that the evidence was insufficient to prove that appellant entered the car to take the battery and that the removal of tires from the outside of the car did not constitute entry.

On original appeal, appellant contended that the circumstantial evidence was insufficient to support a finding that he broke into and entered complainant's car to take the battery. This Court found the evidence sufficient, and appellant did not challenge that finding in his petition for discretionary review. Appellant does not dispute that removing a battery from under the hood of a car is "entering" the vehicle under the Texas Penal Code. *See Alford v. State*, 676 S.W.2d 199, 202 (Tex.App.—Corpus Christi 1984, no pet.); TEX. PENAL CODE ANN. § 30.04 (Vernon 1974). The jury had sufficient evidence before it to convict appellant of burglary of a vehicle for entering the car to remove the battery, without considering appellant's entry to remove the tires. Any error committed by the trial court in sustaining the State's objection is harmless beyond a reasonable doubt.

The trial court's judgment is affirmed.