Henry Walter WOOTEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–89–00209–CR.

Court of Appeals of Texas, Tyler.

May 17, 1991.

Discretionary Review Refused Sept. 11, 1991.

William Wright, Tyler, for appellant.

Michael Sandlin, Dist. Atty.'s Office, Tyler, for appellee.

COLLEY, Justice.

Appellant Henry Walter Wooten was convicted of aggravated possession of cocaine by a jury who assessed his punishment at seventy years confinement and a $15,000 fine pursuant to former TEX.REV. CIV.STAT.ANN. art. 4476–15, section 4.04, subsections (a), (c) and (d).[1]

---

1. Act of May 30, 1983, ch. 425, § 9, 1983 Tex. Gen. Laws 2379–2380, now codified as TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp.1991).

■ Appellant presents thirteen points of error. By his sixth point of error he contends that the court erred in overruling his objection to an argument made by the prosecutor at the guilt-innocence phase, to wit:

Well, that Cocaine was offered [into] evidence, *that Cocaine was admitted by this court. The judge heard the same testimony ya'll heard and found that the search was valid, that everything was done proper.*[2] (Emphasis added.)

Defense counsel objected as follows:

Your Honor, I object to that. He is trying to take it out of the province of the jury. It's in the Charge for them to decide and he's talking about something that's outside the record.

The court overruled the objection.

Appellant claims specifically that the error committed was the injection into evidence before the jury, over his objection, of unsworn testimony. He alleges that said testimony, in effect, bolstered the State's witnesses regarding the warrantless search of his car. Inherent in both appellant's objection and his sixth point of error is the contention that the remarks of the prosecutor were totally inconsistent with the court's law instructions to the jury as set forth in the charge. The jury was instructed that, before they could consider the evidence of the search and seizure of the cocaine in appellant's case, they must first find beyond a reasonable doubt from the evidence before them that the warrantless search of the car was lawful.

In response, appellee argues that the remarks were in answer to defense counsel's previous arguments invoking constitutional safeguards against warrantless searches and seizures. In its brief, the appellee quotes a portion of its subsequent argument (following the court's action overruling appellant's objection):

Ladies and Gentlemen, what I'm telling you is that the *problem is here* that you have a Cocaine dealer sitting over there telling you that the police officer didn't do the right thing in this case. *But what you have got here is a Jury Charge written by the Judge that's telling you that a police officer has a right to stop somebody and search their car and look and see what they've got on them without a search warrant under certain conditions.*

It is true that the last quoted argument differs from the earlier argument complained of by appellant that the trial judge, upon hearing the same evidence, "found that the search was valid, that everything was done proper [by the searching officers]." However, the subsequent argument does not retract the earlier argument. Moreover, appellee's assertion that the improper argument was a proper response to appellant's argument about constitutional protection against unreasonable searches and seizures is untenable. The trial judge, obviously concluding that the evidence raised issues respecting the reasonableness of the search, pursuant to Tex.Code Crim. Proc.Ann. art. 38.23 (Vernon Supp.1991), submitted the search and seizure questions to the jury for their determination, unfettered by any consideration of what the trial judge's opinion on those facts was. The charge, in fact, also instructed the jury that they were "not to draw any inference from ..." the court's rulings on the admissibility of evidence and further instructed the jury that, in "admitting evidence to which an objection is made, the Court does not determine what weight should be given such evidence...." The charge likewise informed the jury that they should "wholly disregard" any opinions they perceive to have been expressed by the trial judge during the trial. And, in accordance with traditional and applicable rules of procedure, the jury was further instructed by the trial court that they were "the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to their testimony...."

We conclude that the argument complained of was improper because it wrongfully invited the jury to consider, contrary to the charge, the trial judge's conduct in admitting the State's evidence as an ex-

---

**2.** This argument derived from the court's action overruling appellant's pretrial motion to sup-

press the evidence of the contraband seized in a warrantless search of appellant's car.

pression of the trial judge's opinion about the facts and the weight to be given the testimony of the State's witnesses. The judge erred in overruling appellant's objection to the prosecutor's argument and we are unable to conclude beyond a reasonable doubt that this trial error made no contribution to appellant's conviction or punishment, as required by TEX.R.APP.P. 81(b)(2).[3] *See Griffin v. State,* 779 S.W.2d 431, 433 (Tex.Cr.App.1989). In this case, the trial judge, by overruling appellant's objection to the quoted argument above, gave his stamp of approval to the appellee's evidence of probable cause, exigent circumstances and the reasonableness of the warrantless search and seizure of the cocaine. We, therefore, sustain appellant's sixth point of error.

The appellant was entitled, *under the charge,* to have the jury's independent consideration of and decision regarding the credibility of appellee's witnesses and the weight to be given their testimonies. We are persuaded, after careful consideration of the entire record, that the error was calculated to have great impact on reasonably intelligent jurors, thus creating a reasonable possibility that the error made a strong contribution to the guilty verdict as required for a showing of "harmful" error under rule 81(b)(2). In reaching that conclusion, we have carefully applied "the methodology" found in *Harris v. State,* 790 S.W.2d 568, 587–88 (Tex.Cr.App.1989), and *Belyeu v. State,* 791 S.W.2d 66, 74, 75 (Tex.Cr.App.1989). *See also Griffin v. State,* 779 S.W.2d 431, 433, n. 2 (Tex.Cr. App.1989).

Our ruling on appellant's sixth point of error requires reversal; but, since a retrial is likely, we deem it proper to consider and discuss appellant's remaining points of error involving questions which are likely to arise in a new trial.

■ Under his second, third, fourth and fifth points of error, the appellant complains of certain arguments made by the prosecutor at the punishment phase of the trial. Appellant's second, third and fourth points of error involve what appellant claims to be improper arguments about the effect of parole laws. These arguments, the appellant's objections, and the court's rulings thereon are shown by the following record excerpt:

[Appellee's argument]: But you know what the most interesting thing is and why a long sentence is absolutely essential in this case is the fact that ... this Defendant got convicted in August of 1987 and got sentenced to ten years in the Texas Department of Corrections. Ten years in August of 1987 and where is he on May 1 of *1987*.[4]

[Defense counsel]: I object to that, Your Honor, as a comment on the parole law.

....

[The Court]: Overruled.

[Appellee's argument continues]: It's a comment on the evidence. I am not going to talk to you about parole laws, that's not something you are supposed to consider. But what you can consider is what's in front of you. And what you can consider is when he got that ten-year sentence that he did a whole lot less than ten years and he got back out here on parole.

[Defense Counsel]: I continue to object, that's obviously—

[The Court]: Sustained.

[Defense Counsel]: Ask the Court to instruct the Jury to disregard that.

[The Court]: Disregard anything on parole.

[Defense counsel]: I would ask for a mistrial on this, Your Honor.

[The Court]: Overruled.

[Appellee's argument continues]: He got out in less than ten years.

[Defense Counsel]: Your Honor, you just sustained that and he's continuing to do that.

---

3. This rule prescribes the same harmless error analysis enunciated in *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *see also Belyeu v. State,* 791 S.W.2d 66, 75 (Tex.Cr.App.1989) (quoting from *Beathard v. State,* 767 S.W.2d 423, 432 (Tex.Cr.App.1989)). (Hereinafter referred to as rule 81(b)(2)).

4. In the context of the record, it is clear that the prosecutor meant "where is he on May 1 of [1989]" (date of the offense).

[The Court]: *Overruled.*
(Emphasis added.)

In light of the entire record, we conclude that, despite the court's instruction to the jury to disregard the first two arguments discussed above, the adverse ruling on appellant's last quoted objection likely confused the jury with respect to the meaning of the instructions previously given. We therefore conclude that the court erred in overruling appellant's last objection to the prosecutor's remark "He got out in less than ten years." That remark was clearly a continuation of the prior arguments to which objections had been sustained and an instruction given.

By his fifth point of error, appellant complains that a certain argument by the prosecution amounted to a direct comment on the appellant's failure to testify. We are of the opinion that the argument does not amount to a comment on appellant's failure to testify, but was a reasonable deduction from the evidence.

By his seventh point of error, appellant contends that the court erred in overruling his objection to State's exhibits 22, 24 and 25. Any error claimed by this point is unlikely to arise in a new trial. We therefore decline to rule thereon. For the same reason, we decline to rule on appellant's eighth point of error.

We are of the opinion that the arguments attacked under appellant's ninth point of error were improper and "outside the record" and did not constitute a reasonable deduction from the evidence.

We conclude that the arguments complained of under the tenth point of error were proper in response to appellant's arguments. Moreover, we agree with the State that the arguments were permissible pleas for law enforcement.

Likewise, we regard the State's argument, attacked by appellant in his eleventh point of error, as a permissible plea for law enforcement.

Appellant's claim under his twelfth point of error is unmeritorious. The marihuana was properly admitted, as the State claims, "[t]o show the context in which the [of-fense] occurred...." For lack of a more meaningful term, the marihuana was admissible as a part of the "res gestae."

We need not discuss the *"Batson* error" argued by appellant under his final point of error, other than to say that we are of the opinion that the State's peremptory challenges of the six black veniremen were sufficiently explained by the prosecutor to have been made for racially neutral reasons.

Because of our ruling on appellant's sixth point of error, we reverse the conviction and remand the cause for a new trial consistent with this opinion.