IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 



ON REMAND


 




NO. 3-90-092-CR





FARID BASTANI,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 38,262, HONORABLE JOE CARROLL, JUDGE PRESIDING



 




 Appellant, Farid Bastani, was convicted in district court of aggravated sexual
assault of a child. Tex. Penal Code Ann. § 22.021 (1989). Punishment was assessed by the jury
at ten years' imprisonment in the Texas Department of Criminal Justice, Institutional Division.

 On appeal to this Court, we held in an unpublished opinion that the final argument
of the prosecution constituted an improper, indirect comment on appellant's failure to testify at
the trial. (1) However, we also held that the instructions and actions of the trial court rendered the
error harmless, thus affirming the district court judgment of conviction. The Court of Criminal
Appeals granted appellant's petition for discretionary review and in an unpublished opinion
concluded that we had conducted an improper harm analysis. (2) That Court reversed and remanded
the cause to us for a complete harm analysis pursuant to Tex. R. App. P. Ann. 81(b)(2) (Pamph.
1992). We will recite the factual background of this case in order to place the harm analysis in
context.

 Appellant was convicted of the aggravated sexual assault of his thirteen-year-old
stepdaughter. The stepdaughter testified that the assault occurred on Labor Day weekend of 1989,
while her sister and mother were out of town and she was home alone with appellant. Other than
the complainant and appellant, there were no other witnesses to the occurrence. Appellant, as was
his constitutional right, chose not to testify at the trial.

 Appellant complained that the final argument of the prosecuting attorney contained
impermissible comments regarding his failure to testify at the guilt/innocence stage of the trial. 
At the time of the complained-of arguments, the prosecutor was discussing the evidence, which
consisted of testimony from the child complainant and from a doctor. Defense counsel had argued
that the complainant had a motive to lie and that the medical testimony did not support the
accusation. In response, the prosecutor stated:



[PROSECUTOR]: You remember when I told you during voir dire, I said `the
focus of this case, the issue is going to come down,' you
know, I don't care how you cut it, the question is going to
come down to `do you believe [the complainant].' Bottom
line. Because the medical, I think, supports what she said,
but it doesn't tell you who did it. And the only person that
told you who did it was [the complainant]. (3)


[DEFENSE]: At this time, Your Honor, we would move for a mistrial
upon the grounds in direct violation of Article 38.08, (4)
prejudicial to the rights of this defendant--


The Court: Overruled.


[PROSECUTOR]: Judge I'm commenting--


[DEFENSE]: -- subject to my --


[PROSECUTOR]: Thank you, Judge.


The Court: Overruled.


[DEFENSE]: Subject to my objection -- motion, without waiving and
insisting on it. I object to that last statement. Move the
court to instruct the jury not to consider it for any purpose,
upon the grounds it was, and was intended to be, an indirect
reference to -- in violation -- matter in violation of Article
38.08.


The Court: All right. I'll overrule it.



 Later during closing argument, the prosecutor asked the jury to believe the
complainant, stating she had done everything a child should do in testifying and revealing what
had happened to her. In response to an argument by defense counsel that no man would have
stopped his actions and not had sexual intercourse the way the complainant had testified, the
prosecutor stated:



[PROSECUTOR]: Why would a man stop. Well, maybe a man -- a stepfather
-- felt guilty about what he was doing. Why would a man
have a restraint if he went that far. Maybe he realized what
he was doing was not right. There has been no evidence to
come in and contradict the testimony of [the complainant].


[DEFENSE]: If the Court please. At this time I move the Court for
mistrial upon the grounds counsel has--


[PROSECUTOR]: Judge, may I finish my response.


[DEFENSE]: --Violation of Article 38.08, and it's highly prejudicial. It's
prejudicial [sic], the Defendant can't have a fair trial.


The Court: Mr. Garza, did you have something?


[PROSECUTOR]: I'd like to complete my statement, Judge.


The Court: Go ahead.


[PROSECUTOR]: There is no evidence to impeach [the complainant] as to the
events that she told you about.


[DEFENSE]: We have --


[PROSECUTOR]: The only --


[DEFENSE]: We move --


[PROSECUTOR]: -- evidence --


The Court: Just a moment. Go head. [sic]


[PROSECUTOR]: The only evidence that has been brought to you, folks, has
been this photograph, and the what-if questions to Dr.
Nickel about the medical testimony.


[DEFENSE]: If the Court please. We would like to renew our motion --
our first one. And we'd make a second one on the last
statement about impeachment, on the same ground each
motion -- on the grounds of violation of Article 38.08 taken
in context with the rest of his argument and our position. 
And so inflammatory and prejudicial, the Defendant can't
receive a fair trial.


The Court: All right, Mr. Dunham. I will sustain your objection. And
I will again instruct the jury, as I previously instructed, to
disregard the last argument of counsel.


[DEFENSE]: Your Honor, you need to rule on my Motion for Mistrial. 
Each one.


The Court: And I will instruct the jury further as I did instruct them
awhile ago, to remember about the law that it permits the
Defendant to testify in his own behalf, but it provides his
failure to testify shall not be considered, and you will not
consider it or allude to it in any manner. And I believe that
your objection should be sustained. And State's counsel
will be instructed not to argue along that line.


[DEFENSE]: What's the Court --


The Court: I'll overrule your Motion for Mistrial.


[DEFENSE]: Both of my motions.


The Court: Well, the only Motion for Mistrial that I remember, I'm
overruling.


[DEFENSE]: Well, I made both of them. The first one when he said it's
undisputed. And the next one when he said there's no
evidence to impeach.


The Court: All right. Well, I will overrule both of them.



 In our prior decision, we held that the prosecutor's argument was improper and
constituted an indirect comment on appellant's failure to testify in violation of his privilege against
self-incrimination contained in article I, Section 10 of the Texas Constitution and article 38.08 of
the Texas Code of Criminal Procedure. The Court of Criminal Appeals stated in its opinion
remanding this case that this indirect comment is one which cannot be cured by trial-court
instruction. That court has instructed us to perform a harm analysis without regard to the
"curativeness" of the instruction given. We will proceed to do so.



1. Harm Analysis


 We must determine if the prosecutor's indirect comment was harmful to appellant
under the federal constitutional standard of Chapman v. California, 386 U.S. 18 (1967), or the
Texas harmless error rule as propounded by Rule 81(b)(2) of the Texas Rules of Appellate
Procedure, which provides, "If the appellate record in a criminal case reveals error in the
proceedings below, the appellate court shall reverse the judgment under review, unless the
appellate court determines beyond a reasonable doubt that the error made no contribution to the
conviction or the punishment."

 The harm analysis required by Rule 81(b)(2) has been held to apply to jury
argument. See Orona v. State, 791 S.W.2d 125 (Tex. Crim. App. 1990); Griffin v. State, 779
S.W.2d 431, 433 (Tex. Crim. App. 1989). For some time now, the Court of Criminal Appeals
has implicitly rejected the notion that a violation of article 38.08, or of a defendant's self-incrimination rights, constitutes reversible error, per se. Madden v. State, 799 S.W.2d 683, 699
n.28 (Tex. Crim. App. 1990).

 In determining whether the impermissible argument is harmless, we are required
to examine the error in light of the following factors: (1) the source and nature of the error;
(2) the extent to which the State emphasized the error; (3) the probable collateral implications of
the error; (4) the weight that a juror would probably place on such an error; and (5) the likelihood
that the State would repeat the error should it be declared harmless. Harris v. State, 790 S.W.2d
568, 587-88 (Tex. Crim. App. 1989). "The issue of harm must be determined from the facts of
each individual case and resolved according to the probable effect of the argument upon the minds
of the jurors, and in light of the existence of the other evidence in the record." Lopez v. State,
793 S.W.2d 738, 743 (Tex. App. 1990), pet. dism'd, 810 S.W.2d 401 (Tex. Crim. App. 1991).

 The error here involves jury argument at the guilt/innocence phase of the trial. The
case at bar was hotly contested and the credibility of the complaining witness was crucial. The
defense had vigorously cross-examined the complainant and attacked her credibility. The
complained-of argument violated a mandatory state statute, article 38.08, and the error was of
constitutional dimension under both the federal and state constitutions. The comments were made
during the prosecution's final rebuttal argument at a point in time when defense counsel could not
respond and shortly before the case would go to the jury for deliberations. The offending
argument was made repeatedly, either four or five times, over the sustained objections of defense
counsel and admonitions of the trial court. In fact, the improper prosecutorial comments
continued after an admonition by the trial judge that a mistrial might follow if further violations
occurred. A review of the entire record and final argument leads us to the conclusion that the
prosecutor improperly injected the issue of appellant's failure to testify into the trial. We are
unable to conclude beyond a reasonable doubt that this error did not contribute to the jury's
verdict of guilty.

 Accordingly, the judgment of conviction is reversed and the cause is remanded for
a new trial.



 

 Mack Kidd, Justice

[Before Justices Powers, Jones and Kidd]

Reversed and Remanded

Filed: August 12, 1992

[Do Not Publish]


1.   Bastani v. State, No. 3-90-092-CR (Tex. App.--Austin, Apr. 17, 1991) (not designated for
publication).
2.   Bastani v. State, No. 678-91 (Tex. Crim. App.--Mar. 11, 1992) (not designated for
publication).
3.   All emphasis supplied.
4.   Tex. Code of Crim. Proc. Ann. art. 38.08 (1979) states, "Any defendant in a criminal
action shall be permitted to testify in his own behalf therein, but the failure of any defendant
to so testify shall not be taken as a circumstance against him, nor shall the same be alluded
to or commented on by counsel in the cause."