NUMBER 13-99-098-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JUAN HERNANDEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 148th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 A jury convicted Juan Hernandez, appellant, of murder and
assessed punishment at life imprisonment. By six points of error,
appellant complains of improper jury argument, the admission of
hearsay, ineffective assistance of counsel, and the cumulative effect of
the alleged errors. We affirm.

 Appellant and his common-law wife, Janie Gonzales, lived in a
house with five children. On July 4, 1998, Janie was found stabbed to
death in her bedroom with a knife. According to evidence produced by
the State, Janie went out with a female friend around 7:30 p.m. on the
evening of July 3, 1998. Appellant was working that evening and the
eldest child, Jennifer Gonzales, remained at home with the other
children. Appellant called home and told Jennifer to have Janie pick
him up from work. Appellant and Janie arrived home together at
approximately 11:30 p.m. or 12:00 a.m. 

 During the early morning hours of July 4, 1998, the children
awoke to screams from their mother. Jennifer testified she heard her
mother yell, "Stop. No. Please. You're hurting me. Stop it." Jennifer
and her sister ran toward Janie's bedroom door and heard her say,
"Don't hurt the kids. Please. Don't. Stop." Jennifer's sister yelled,
"What's going on? What's happening?" Appellant responded,
"Nothing. We're just talking. Go back to bed." Thereafter, they heard
no more screaming. 

 Five or ten minutes later, appellant came out of the bedroom and
went to the restroom. He remained there for five to ten minutes. When
he came out of the restroom, Jennifer asked him what he had done. He
replied, "Nothing." He then asked, "Why didn't you tell me that your
mom was going out?" Jennifer replied, "We're not gonna tell you." 
After Jennifer continued to question appellant about what he had done,
he told her, "I just hit her once," "that's the only time I've ever hit her,"
and "you'll see her when she wakes up." 

 Appellant left the house and the children waited for their mother
to come out of the bedroom. After an extended period of time, the
children made a hole in the bedroom door with a small hatchet and a
screwdriver. They were able to see their mother naked, with a blanket
wrapped around her chest, and blood prints on her upper thigh. The
police were contacted and arrived at the scene, where they found Janie
deceased. She had suffered eleven stab wounds. 

 By his third and fourth points of error, appellant contends the trial
court erred in admitting harmful hearsay evidence. Specifically, he
complains of the admission of testimony, over his objection, from Julia
Perales, a neighbor of appellant and Janie. Perales testified that Janie
stated, "You see, girl. And he gets mad because I can't even go to the
store or do anything."

 Hearsay is a statement, other than one made by the declarant
while testifying, offered to prove the truth of the matter asserted. See
Tex. R. Evid. 801. The admissibility of hearsay evidence is a question for
the trial court, reviewable under an abuse of discretion standard. See
Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). 

 Assuming without deciding that the admission of this testimony
amounted to error, we must conduct a harm analysis and determine
whether any error affected appellant's substantial rights. See Tex. R.
App. P. 44.2(b); Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim.
App. 1998) (reviewing hearsay issue as non-constitutional error under
rule 44.2(b) of the Texas Rules of Appellate Procedure). The improper
admission of evidence is not reversible error if the same or similar
evidence is admitted without objection at another point in the trial. See
Mayes v. State, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991); Guerra v.
State, 942 S.W.2d 28, 33 (Tex. App.­Corpus Christi 1996, pet. ref'd). 


 In this case, during cross-examination, Jennifer testified that
appellant "gets mad, and he's a jealous person," and he "just didn't like
the fact that [Janie] was going out." Appellant did not object to this
testimony. This testimony was cumulative of Perales's testimony that
Janie said appellant got mad and did not like her leaving. 

 Appellant further complains of the trial court's admission of
testimony from Sylvia Trevino over his hearsay objection. Trevino
worked with Janie and testified that she "would say that they would
always argue and have arguments and argue about little things and big
things. They were also constantly getting on each other's throats." 
Again, appellant failed to object to other evidence similar to this
testimony. Trevino testified, without objection, that "every time they
would get into arguments he would push her against the wall, yell at
her, always blame her for stuff because of the kids."

 Appellant also complains of Trevino's testimony that Janie "told
me that they had a big old argument, and she told me that he told her
that no one­if he couldn't have her, nobody else could have her and that
she said, 'Well if you're gonna kill me, you might as well kill me and
make sure I'm dead so I can die happy.'" Appellant concedes there was
no objection to this testimony. However, because only two questions
separate the testimony from an earlier hearsay objection, and it was
apparent that the court was allowing Trevino to testify to what Janie
had told her regarding the relationship, he contends no objection was
necessary. Without deciding whether appellant preserved error, we
conclude any error was harmless because of similar testimony from
Perales. Perales testified, without objection, that appellant said that if
he ever saw Janie with another man or if she left him for another man,
he would kill her. In conclusion, any error in the admission of the
contested statements was harmless. Appellant's third and fourth
points of error are overruled.

 In his fifth point of error, appellant complains of ineffective
assistance of counsel. We apply the two-pronged Strickland(1) test when
reviewing a claim of ineffective assistance of counsel. See Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To prevail on a
claim of ineffective assistance of counsel, an appellant must show: (1)
counsel's performance was deficient; and (2) the deficient performance
prejudiced the defense. See Strickland v. Washington, 466 U.S. 668,
687 (1984); Thompson, 9 S.W.3d at 812. The burden of proving
ineffective assistance of counsel is on the appellant and requires proof
by a preponderance of the evidence. See Stafford v. State, 813 S.W.2d
503, 506 (Tex. Crim. App. 1991).

 The showing of deficiency, which must affirmatively appear in the
record, requires that counsel's performance fell below an objective
standard of reasonableness. See Thompson, 9 S.W.3d at 812-13. We
indulge a strong presumption that counsel's performance fell within the
wide range of reasonable professional assistance. See id; Tijerina v.
State, 921 S.W.2d 287, 289 (Tex. App.--Corpus Christi 1996, no pet.).

 An appellant must affirmatively prove prejudice with a showing
that there is a reasonable probability that, but for counsel's deficient
performance, the outcome of the proceeding would have been different. 
See Thompson, 9 S.W.3d at 812. "A reasonable probability is a
probability sufficient to undermine confidence in the outcome." Id. We
conduct the aforementioned review by looking to the totality of the
representation and the particular circumstances of each case. See id.
at 813.

 Appellant failed to create a record regarding counsel's trial
strategies. See Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App.
1993) (defendant may raise ineffective assistance of counsel claim and
develop record in proceeding on motion for new trial). Absent such a
record, we must indulge the strong presumption that counsel's conduct
falls within the wide range of reasonable professional assistance. 

 Appellant complains of trial counsel's failure to object to several
hearsay statements from Trevino regarding appellant and Janie's
relationship. Because the record in this case is silent as to why trial
counsel did not object to the State's attempts to elicit this inadmissible
hearsay, appellant has failed to rebut the strong presumption that
counsel acted reasonably. See Thompson, 9 S.W.3d at 814. 

 Appellant complains counsel was also ineffective when he elicited
the following testimony from Jennifer:

 Defense counsel: Now when [appellant] asked
you, "Why didn't you tell me your mom was
going out," your response was "We don't tell you
what she's doing?"


 Jennifer: We don't tell him because he gets mad,
and he's a jealous person so ­

 Jennifer's answer was non-responsive to trial counsel's question. 
When counsel asked Jennifer what her response to appellant was, she
answered by explaining the reason for her response. Thus, trial counsel
did not elicit the testimony as alleged by appellant. 

 Appellant further complains trial counsel elicited harmful
testimony from Perales. In response to trial counsel's question, "And
I believe that you've previously testified in this courtroom that you
didn't see them fighting before that?," Perales stated, "No, but Janie did
tell me about problems they were having." Perales's statement
regarding Janie's and appellant's problems was unsolicited and non-responsive. Trial counsel did not elicit this testimony.

 Finally, appellant asserts trial counsel performed deficiently in
returning to harmful testimony during closing arguments. As appellant
notes, trial counsel mentioned that "Sylvia Trevino came in here and
told you that Janie had said that Juan was pushing her around when
they argued, that she was gonna leave him, and they were gonna move
in together." A reading of trial counsel's argument in its entirety,
however, reveals counsel was attempting to attack the credibility of
Sylvia Trevino. Appellant has failed to show trial counsel acted
deficiently. Appellant's fifth point of error is overruled. 

 By his sixth point of error, appellant maintains he was denied due
process of law by the cumulative effect of the trial court's overruling of
hearsay objections, trial counsel's failure to object to hearsay, and trial
counsel's solicitation of harmful hearsay evidence. Appellant contends
this prejudicial evidence harmed him in the punishment phase of the
trial. Accordingly, appellant prays for a new punishment hearing. We
conclude that because the jury had adequate evidence to arrive at its
conviction notwithstanding the testimony in question, appellant was
not harmed by its cumulative effect, if any. See Tex. R. App. P. 44.2(b). 
Appellant's sixth point of error is overruled. 

 In his first point of error, appellant asserts the trial court erred by
overruling an objection to the prosecutor's jury argument during the
punishment phase of the trial. Appellant contends the prosecutor
misstated the applicable standard with regard to the special issue of
"sudden passion rising from an adequate cause"(2) during the
punishment phase of the trial by arguing that the issue was whether
something happened "that would make an ordinary person angry
enough to kill." Appellant directs this Court to the following portion of
the prosecutor's argument: 

 McNeill (Prosecutor): And adequate cause is
cause that would commonly produce to the
degree of anger, rage, resentment, or terror in a
person of ordinary temper sufficient to render the
mind incapable of cool reflection, because that's
an ordinary person. That's not him. That's a
reasonable person standard. What would an
ordinary person do if your spouse is telling you
that she's leaving you or she went to a club that
night before. Is that something that would make
an ordinary person angry enough to kill? I want
you to think about that, because that's the
standard that has to be met, not what happened.

 

 Granberry (Defense Counsel): Your Honor, that is
not the standard to be used. The instruction is
"Incapable of cool recollection," not angry enough
to kill, and that's an improper statement of the
law. 


 The Court: Overruled. Please proceed.


 McNeill: That is what you need to think about. 
Immediate influence of sudden passion arising
from adequate cause, and then you need to think,
"Did they prove it?" No, they didn't. 

 According to appellant, the State urged the jury to apply an
"ordinary person angry enough to kill" standard, which is a more
onerous burden than "sudden passion rising from adequate cause." 
Because the prosecutor allegedly presented a statement of law contrary
to that presented in the charge, appellant maintains the trial court erred
in overruling the objection and urges that we reverse and remand for a
new punishment hearing. See Whiting v. State, 797 S.W.2d 45, 48
(Tex. Crim. App. 1990); Griffin v. State, 779 S.W.2d 431 (Tex. Crim.
App. 1989). There are four areas within which jury argument must fall
in order to be proper: (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing
counsel; and (4) plea for law enforcement. See Cooks v. State, 844
S.W.2d 697, 727 (Tex. Crim. App. 1992); Zertuche v. State, 774 S.W.2d
697, 699 (Tex. App.--Corpus Christi 1989, pet. ref'd). Counsel may
draw reasonable inferences from the evidence, but argument that
misstates the law or is contrary to the court's charge is improper. See
Whiting, 797 S.W.2d at 48; Melendez v. State, 4 S.W.3d 437, 442 (Tex.
App.­Houston [1st Dist.] 1999, no pet.).

 Sudden passion was defined in the charge as "passion directly
caused by and arising out of provocation by the victim or another acting
with the victim, which arises at the time of the offense and is not solely
the result of former provocation." Tex. Pen. Code Ann. § 19.02(a)(2)
(Vernon 1994). In other words, sudden passion is "an excited and
agitated mind at the time of the killing caused by an act of the
deceased." Saldivar v. State, 980 S.W.2d 475, 506 (Tex. App.--Hous.
[14th Dist.] 1998, no pet.) (quoting Hobson v. State, 644 S.W.2d 473,
478 (Tex. Crim. App. 1983)). "Adequate cause" was defined as "cause
that would commonly produce a degree of anger, rage, resentment, or
terror in a person of ordinary temper, sufficient to render the mind
incapable of cool reflection." Tex. Pen. Code Ann. § 19.02(a)(1) (Vernon
1994). 

 Construing the argument in its entirety, the State did not ask the
jury to apply a different standard than set forth in the jury charge. The
prosecutor quoted the definition of adequate cause from the jury
charge, and correctly observed that it involved a reasonable person
standard. The prosecutor then argued that appellant did not act as a
reasonable person, commenting, "[w]hat would an ordinary person do
if your spouse is telling you that she's leaving you or she went to a club
that night before? Is that something that would make an ordinary
person angry enough to kill?" A logical interpretation of the
prosecutor's statement "I want you to think about that, because that's
the standard that has to be met," is that it refers to the ordinary
reasonable person standard included in the definition of adequate
cause. Essentially, the prosecutor asked the jury to make a reasonable
deduction from the evidence that appellant did not act as a person of
ordinary temper, and, consequently was not provoked by an adequate
cause. 

 This case is distinguishable from Whiting, 797 S.W.2d at 48. In
Whiting, the prosecutor repeatedly told the jury that the State did not
have the burden of disproving self-defense in a resisting arrest case. 
See id. at 46-48. By contrast, the prosecutor in this case urged the
proper standard, and then asserted appellant's actions did not satisfy
that standard. The trial court did not err in overruling the objection to
the jury argument. Even assuming error, we cannot say it affected
appellant's substantial rights. See Tex. R. App. P. 44.2(b). Appellant's
first issue is overruled. 

 In his second point of error, appellant contends the trial court erred
in failing to grant a mistrial after the prosecutor allegedly violated his
Fifth Amendment right to remain silent. Appellant complains of the
following portion of the prosecutor's jury argument: 

 McNeill (Prosecutor): One of the things I found
interesting was they kept saying "Why is he
here? Why is he here?" Well, ladies and
gentlemen, he's here because he murdered his
wife. That's why he's here in this courtroom
today. That's why he's facing what he does. 
And they talk about his courage and the courage
that he has to come here and not push the blame
off on anyone else, but yet when they talk about
this sudden passion and the adequate cause and
Janie was out at a club, isn't that what he's
doing? Isn't he blaming someone else? Isn't he
blaming Janie?

 At that point, appellant objected that the prosecutor was
commenting on his right to remain silent, and the trial court sustained
the objection. Appellant also requested an instruction to disregard,
which the court granted. The court, however, denied appellant's
motion for mistrial.

 Appellant contends the prosecutor improperly drew the attention
of the jury to his failure to testify when he argued that appellant was
blaming someone else for the offense. Appellant further maintains the
prosecutor's comment was not curable by an instruction to disregard;
therefore, he asks that we reverse and remand for a new punishment
hearing.

 A comment by the prosecutor on a defendant's failure to testify at
the punishment stage of trial offends the state and federal constitution
as well as state statutory law. See U.S. Const. amend. V; Tex. Const.
art. 1 § 10; Tex. Code Crim. Proc. art. 38.08 (Vernon 1997); Pena v.
State, 832 S.W.2d 697, 700 (Tex. App.--Corpus Christi 1992, pet. ref'd);
Nickens v. State, 604 S.W.2d 101, 104 (Tex. Crim. App. 1980). To
violate appellant's rights, the comment, when viewed from the jury's
perspective, "must be manifestly intended to be of such a character that
the jury would necessarily and naturally take it as a comment on the
accused's failure to testify." Fuentes v. State, 991 S.W.2d 267, 275
(Tex. Crim. App. 1999) (quoting Banks v. State, 643 S.W.2d 129,
134-35 (Tex. Crim. App. 1982)). An indirect or implied reference to an
accused's failure to testify does not violate a defendant's right to remain
silent. See Fuentes, 991 S.W.2d at 275. "Calling attention to the
absence of evidence which only the defendant could produce will result
in reversal only if the remark can only be construed to refer to
appellant's failure to testify and not the defense's failure to produce
evidence." Id.

 The crux of the prosecutor's argument in this case was that
appellant was attempting to shift the blame for the murder. We do not
believe it was manifestly intended or would necessarily lead the jury to
believe that it was a comment on the defendant's failure to testify. See
Harwood v. State, 961 S.W.2d 531, 542-43 (Tex. App.­San Antonio
1997, no pet.). The prosecutor's comments did not violate appellant's
right to remain silent, and any error was cured by the trial court's
instruction to disregard the comments. See Cooks, 844 S.W.2d at 727
(presumption exists that instruction to disregard comment ordinarily
cures error). Appellant's second point of error is overruled. The
judgment of the trial court is AFFIRMED.

 NELDA V. RODRIGUEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 29th day of June, 2000.


 

1. Strickland v. Washington, 466 U.S. 668, 687 (1984).
2. The penal code provides that murder may be reduced from a
felony of the first degree to a felony of the second degree if the
defendant proves at the punishment phase of the trial that "he caused
the death under the immediate influence of sudden passion arising from
adequate cause." Tex. Pen. Code Ann. § 19.02 (Vernon 1994). (3)
3. The penal code provides that "[a]t the punishment stage of a trial, the
defendant may raise the issue as to whether he caused the death under the
immediate influence of sudden passion arising from an adequate cause." Tex. Pen.
Code Ann. § 19.02(d) (Vernon 1994). "If the defendant proves the issue in the
affirmative by a preponderance of the evidence, the offense is a felony of the
second degree." Id.