Gary BURKE, Appellant,

v.

The STATE of Texas, State.

No. 2–81–121–CR.

Court of Appeals of Texas,
Fort Worth.

April 21, 1982.

Law Office of Arthur J. Brender, Arthur J. Brender, Terry Casey, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and James J. Heinemann, Asst. Dist. Atty., Fort Worth, for appellees.

Before HOLMAN, RICHARD L. BROWN and HUGHES, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from conviction for voluntary manslaughter. V.T.C.A. Penal Code sec. 19.04.

The jury assessed punishment at 20 years imprisonment.

We affirm.

Appellant complains that (1) the prosecutor's jury argument included a misstatement of the law applicable to self-defense and (2) the trial court erred in excluding evidence tending to show the decedent's violent nature.

Appellant was charged with the murder of his brother-in-law, pled not guilty and testified at trial.

The jury found appellant guilty of the lesser included offense of voluntary manslaughter.

The evidence is that the appellant, his brother and two sisters were with the decedent in the apartment they shared. One of the sisters was married to the decedent.

During an argument between the decedent and his wife, appellant produced a pistol and shot the decedent six times.

The last four shots were fired into the decedent as he lay on the floor.

Appellant's written statement voluntarily made to the police after his arrest includes a comment that the decedent "looked like he was trying to turn around to get away from me when he saw I had a gun ... [decedent] never said a word before I started shooting him or after I shot him. I kept telling [decedent] to die as he layed on the floor ..."

A person is justified in using deadly force against another when, and to the degree he *reasonably believes*, the deadly force is immediately necessary to protect himself against the other's use of unlawful deadly force; and if a reasonable person in that situation would not have retreated. V.T.C.A. Penal Code sec. 9.32.

Appellant's written statement, which was received in evidence without objection, concedes that he shot and killed the decedent.

There is no evidence, however, that the decedent threatened or attempted to use deadly force against the appellant.

In final argument to the jury, the prosecutor made the following statements:

"They talk about self-defense. Ladies and Gentlemen, self-defense, I think you know, is just not appropriate in this case. The Defendant says—the Defense Counsel says the Defendant didn't want to get hurt again. Ladies and Gentlemen, the law requires you to be hurt again. It doesn't require you—before you use deadly force. It doesn't require you to submit to deadly force or serious bodily injury, but it tells you before you take another person's life you're going to have to be willing to take a beating.

"MR. KINDER: Your Honor, that's a misstatement of the law.

"THE COURT: Overruled.

"MR. WORLEY: The particular law is in the charge. It's here; read it. Before you can find self-defense, and I think you know from the evidence that there was no self-defense in the case, you have to believe that deadly force is immediately necessary. Immediately necessary. He's going to have to use that deadly force right now to protect himself..."

Although appellant's objection was overruled, the prosecutor immediately called the court's charge to the jury's attention and directed them to read it.

Appellant does not complain of the court's charge which instructs the jury on the law applicable to self-defense and the use of deadly force.

■ To determine whether the arguments of the prosecutor were so prejudicial as to require reversal of appellant's conviction, we must consider not only the remarks made, but also the context of those remarks in light of the entire record. *Blassingame v. State*, 477 S.W.2d 600 (Tex.Cr.App.1972).

■ An argument is not reversible error unless manifestly improper, harmful and prejudicial when considered with the record as a whole. *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979).

■ When we consider the prosecutor's remarks in light of the entire record, observe no evidence that appellant acted in self-defense, and note that the prosecutor directed the jury to read the court's instructions, we conclude that the argument's error, if any, was not so harmful as to require reversal.

Appellant's first ground of error is overruled.

In his second ground, appellant argues that it was error to exclude testimony that the defendant had struck his wife on other occasions; and of an Arlington police officer regarding his department's past experiences with the decedent.

Appellant relies upon the principles of *Dempsey v. State*, 159 Tex.Cr.R. 602, 266 S.W.2d 875 (1954) which permit the defense to offer testimony as to specific acts of violence by a decedent as evidence of a violent character, provided the testimony is offered for the purpose of showing the reasonableness of the defendant's claim that he killed the decedent due to fear of death or serious bodily harm.

*Dempsey*, however, also requires that before evidence of the decedent's violent character becomes admissible, there must be evidence of an act of aggression by the decedent against the defendant charged with his murder.

There was no evidence of any such aggression by the decedent during the episode in which he was killed.

Appellant did testify about an incident six months earlier in which he was "beaten up" by the decedent.

■ After the testimony of the police officer and the decedent's wife was excluded by the court, appellant did not attempt to adduce that testimony before the court reporter, out of the jury's presence.

Therefore, nothing is presented for review. V.A.C.C.P. art. 40.09 sub. 6(d)(1); *Davison v. State*, 510 S.W.2d 316 (Tex.Cr.App.1974).

Appellant's second ground of error is overruled.

Judgment is affirmed.