Gary BURKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 454–82.

Court of Criminal Appeals of Texas, En Banc.

June 22, 1983.

Art Brender, (court appointed) Terry M. Casey, (court appointed) Fort Worth, for appellant.

Tim Curry, Dist. Atty., C. Chris Marshall, Victoria Fay Prescott and James J. Heinemann, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Indicted for murder, appellant was found guilty of the lesser included offense of voluntary manslaughter by a jury which assessed his punishment at twenty (20) years' imprisonment. The Ft. Worth Court of Appeals affirmed the conviction. *Burke v. State*, 632 S.W.2d 206 (Tex.App.1982).

The Court of Appeals held that (1) the prosecutor's jury argument including a misstatement of the law applicable to self-defense was not so harmful so to require reversal when considered in light of the entire record, and the fact that there was no evidence appellant acted in self-defense, and that (2) the appellant did not perfect a bill of exception to show what evidence, tending to show the deceased's violent nature, he would have offered if the trial court had not excluded the same.

We granted appellant's petition to determine the correctness of the holding of the Court of Appeals.

Appellant and his brother lived in a two bedroom apartment. Later their mother and 14-year-old sister, Kim, moved into the apartment. Thereafter their sister, Pam, and her husband, James Fikes, the deceased, and their small son, moved in the apartment and slept in the living room.

The deceased was unemployed on the date in question and got into an argument with his wife. He wanted her vacation check she had received from her employer. Kim Burke got involved in the argument and the deceased shoved and slapped her. The appellant heard the argument, and when he saw the deceased strike Kim, he tried to intervene. Pam yelled for Kim to call the police. As Kim left, the deceased began to chase her out of the apartment.

When the deceased left, appellant told him not to come back. He then went to the bedroom and got a pistol. When the deceased returned to the apartment, appellant shot and killed the deceased. It was shown that the deceased was shot six times, the last four shots being fired as he laid on the floor. Appellant's written confession, which was introduced by the State, included a statement that the deceased appeared to turn away when he saw appellant with a gun, that the deceased never said a word before he was shot, and that appellant kept telling the deceased to die as he laid on the floor.

Appellant testified he heard the argument, saw his 14-year-old sister slapped, and tried to intervene, that he told deceased not to come back to his (appellant's) apartment when the deceased left chasing Kim. He admitted he was emotional, angry and scared and afraid of the deceased; that he had been in several altercations with the deceased and had been beaten each time; that six months before he had been beaten by the deceased, and crushed in a car door; that he had gone to a hospital and stitches had been taken in his hand and he had not been able to walk for two weeks. Appel-

lant described the deceased as "mad" at the time, and he believed the deceased "would have killed all of us." The deceased had gone berserk before.

Appellant went to his bedroom and got a pistol. When the deceased returned, the appellant was frightened because he knew the deceased always carried a "Buck" knife, and was afraid the deceased would take the pistol away from him and use it on him. Appellant described the deceased, upon his return, as advancing upon him, as "coming at me," "moving very quickly." It was then that he began shooting at the deceased.

Larry Burke, appellant's brother, testified that upon the deceased's return that the deceased moved "in a fast manner" towards him and the appellant; that the deceased was in pursuit of the appellant.

Obviously believing the issues were raised, the trial court charged the jury on the law of self-defense, real and apparent danger, deadly force, etc. See V.T.C.A., Penal Code, §§ 2.03, 9.02, 9.31 and 9.32.

Section 9.31 provides a person is justified in using force against another "when and to the degree he *reasonably believes* the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." Section 9.32 provides that a person is justified in using deadly force against another when, inter alia, he *reasonably believes* the deadly force is immediately necessary to protect himself "against the other's use or attempted use of unlawful deadly force." The trial court correctly stated in its charge the law of self-defense and use of deadly force in self-defense. See *Jones v. State,* 544 S.W.2d 139 (Tex.Cr.App. 1976).

During the argument at the guilt stage of the trial, the prosecutor argued to the jury:

"They talk about self-defense. Ladies and Gentlemen, self-defense, I think you know, is just not appropriate in this case. The Defendant says—the Defense Counsel says the Defendant didn't want to get

hurt again. Ladies and Gentlemen, the law requires you to be hurt again. It doesn't require you—before you use deadly force. It doesn't require you to submit to deadly force or serious bodily injury, but it tells you before you take another person's life you're going to have to be willing to take a beating.

"MR. KINDER (Appellant's Counsel): Your Honor, that's a misstatement of the law.

"THE COURT: Overruled."

Thereafter the prosecutor called attention to the court's charge and told the jury to read it.

■ An argument is not reversible error unless manifestly improper, harmful and prejudicial when considered with the record as a whole. *Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr.App.1979).

The instant case involves a misstatement of law, not a misstatement of evidence or the prosecutor arguing outside the record, and in this respect the instant case is unlike *Blassingame v. State,* 477 S.W.2d 600 (Tex. Cr.App.1972), and *Simpkins,* supra, cited by the Court of Appeals.

■ An argument which contains a statement of the law contrary to the court's charge is error. *Davis v. State,* 506 S.W.2d 909 (Tex.Cr.App.1974); *Lincoln v. State,* 508 S.W.2d 635 (Tex.Cr.App.1974); *Mauldin v. State,* 628 S.W.2d 793 (Tex.Cr.App.1982). Cf. *Dues v. State,* 634 S.W.2d 304 (Tex.Cr. App.1982). See also *Kincaid v. State,* 534 S.W.2d 340 (Tex.Cr.App.1976); *Cook v. State,* 540 S.W.2d 708, 710 (Tex.Cr.App. 1978).

The prosecutor's remark that the appellant had to take a physical beating before he could resort to the right of self-defense was clearly a misstatement of the law and contrary to the court's charge on self-defense.[1] By overruling appellant's objection the trial court put the stamp of judicial approval on the prosecutor's misstatement of law.

1. See *Jones v. State,* 544 S.W.2d 139 (Tex.Cr. App.1976).

The prosecutor's remark was not only erroneous but was so manifestly improper, under the circumstances, to require the reversal of the judgment. *Davis v. State,* supra; *Cook v. State,* supra. Cf. *Johnson v. State,* 604 S.W.2d 128 (Tex.Cr. App.1980).[2] The prosecutor's subsequent reference to the court's charge, without correcting the misstatement of the law, was not sufficient to overcome the irreparable harm to the appellant.

In view of our disposition, we need not consider the contention the trial court erred in excluding certain evidence. We do observe that while the Court of Appeals was correct that the excluded testimony of the police officer was not preserved for review, it is noted the testimony of the deceased's wife for the appellant was elicited prior to any objection and it appears to have been preserved for review. See Article 40.09, § 6, V.A.C.C.P.

The judgment of the Court of Appeals is reversed, and the cause is remanded to the trial court.

2. The State relies upon *Givens v. State,* 554 S.W.2d 199 (Tex.Cr.App.1977). The reliance is misplaced as the court there held that the prosecutor did not make a statement of law contrary to the court's charge.