Phillip WHITING, Appellant,

v.

The STATE of Texas, Appellee.

No. 1139–88.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 24, 1990.

Paul Joseph Goeke, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., and Anthony Miller, Kate Feiner and Barbara Hervey, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted by a jury of the misdemeanor offense of resisting arrest. V.T.C.A., Penal Code, § 38.03. The trial court assessed punishment at thirty days confinement, probated for twelve months [1], and further assessed costs and a fine of $108.00.[2] On direct appeal, appellant contended, *inter alia*, that the trial court erred in overruling his objections to the

1. The transcript contains a document on page 50 entitled "Certificate To Be Filed With Notice Of Appeal In Court Of Appeals" which recites the sentence imposed by the court included "30 days in jail and 2 years probation." As the certified copy of the judgment and sentence reflect, the sentence actually assessed was 30 days, probated for a period of twelve months.

2. This appeal arises from appellant's second jury trial on the same charge. His first conviction was set aside when the court granted appellant's motion for new trial.

prosecution misrepresentation of the burden of proof regarding the law of self-defense during final argument. The Court of Appeals agreed "[A]ppellant was correct in his objections and the trial court should have sustained each objection," but concluded the error did not call for reversal. *See Whiting v. State*, 755 S.W.2d 936 (Tex. App.—San Antonio 1988). As justification for its holding, the appeals court noted appellant's counsel had argued the State's burden on the defensive issue without objection during final argument, thereby, "in effect neutralizing to some extent any misinformation the court's rulings may have caused." *Id.* at 942. The Court of Appeals further based its holding on the fact the charge to the jury fairly and correctly instructed the jury on the issues of self-defense, burden of proof and reasonable doubt:

> The trial court's charge, when read as a whole, and when viewed in the context of the entire record fairly and correctly instructs the jury on the issues of self-defense, burden of proof and reasonable doubt. TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon 1981) spells out the duties of the trial court in instructing the jury on the applicable law. There is no contention on appeal that the applicable law was not set out in the court's instructions as required. The charge of the court clearly instructed the jury that they were to be governed by the law as given by the court and as set out in the body of the charge. *We do not think that the court's erroneous rulings were calculated to mislead the jury to such degree that appellant was deprived of a correct application of the law.*

*Id.* at 943 (citations deleted) (emphasis supplied).

We granted a sole ground in appellant's petition for discretionary review to determine the propriety of the judgment by the

appeals court. Tex.R.App.P. 200(c)(3) and (5). We will reverse and remand the case in order for the Court of Appeals to make a proper harmless error analysis.

The record reflects appellant was stopped in his car while driving on I.H. 10 west of San Antonio by officers Denman and Cawthon of the Texas Department of Public Safety. Both troopers testified appellant was traveling twenty-five miles over the posted speed limit of fifty-five miles per hour as shown by a radar device. According to both appellant and the troopers, he refused to sign the speeding citation and the officers began the process of physically restraining him for transport. At this point the stories diverge. It was the troopers' testimony that appellant became violent and threw Denman over his shoulder, whereupon Cawthon tackled appellant and the officers subdued him on the ground. Appellant testified he became alarmed at the force being used upon initial detention and reacted to that unnecessary force. A former prosecutor testified on behalf of the defense as a reputation witness, stating Cawthon had a "bad" reputation in the community for peacefulness and was known as a "hot-headed cop." An instruction on self-defense was submitted to the jury.[3]

Arguing the State's case, the two prosecutors divided their opening and closing remarks between them.. The State began by reminding the jury:

> The Court has given you the charge and the Court has said in that charge, 'this information is not evidence.' But this is what the defendant, Phillip Whiting, is charged and accused of and that is our burden, *nothing more than the elements that the offense took place* ... This is what the charge is about, that he knew James Denman was a police officer and he kept him from effectuating an

---

**3.** The instruction contained language both on the use of permissible force and that as a matter of law a person's act of merely "pulling away" of one's arms during an attempted arrest does not constitute evidence of the offense of resisting arrest. The jury was instructed that force is justified (1) if, before the person offers resistance, the officer uses or attempts to use greater

force than necessary to make the arrest; and (2) when and to the degree the person reasonably believes the use of force is immediately necessary to protect himself against the officer's use or attempted use of greater force than necessary. The court correctly applied the abstract law to the facts of the case.

arrest by using force. *Now that is what all of this is about, nothing more, nothing less.* That is what we told you in opening argument when I stood before you yesterday morning and said, 'This is what we have to prove. Here are the elements and we expect the evidence to prove it.'

We believe the State has sustained its burden of proof. Now what will happen next in this proceeding, Mr. Goeke, the defense counsel, will be getting up to make his closing argument. And what I would ask for you at this time, while Mr. Goeke is using his powers of persuasion, is that you concentrate on the elements that we have to prove. There was a lot of evidence that came in, but evidence of what? The evidence I ask you to focus your attention on is the evidence that James Denman, the complainant, the arresting officer whose arrest was resisted by the defendant—that's really it in a nutshell. All the rest that came from the stand is evidence. That's true. But focus as I address you—Mr. Goeke will have his opportunity and then Mr. Miller will follow with Mr. Goeke. Concentrate, please, if you will, on what they say as it pertains to the elements, the elements that the State has to prove. Remember you all agreed you weren't going to hold us to a higher standard. We weren't going to prove more than what was set out in the information. I remind you the commitment that you all made.

At this point the defense interjected a specific objection as to misstatement of the burden of proof on the State to disprove beyond a reasonable doubt any defense raised. The objection was overruled without discussion. The prosecutor continued:

Again, I invite you to concentrate, focus on those elements and not other rabbit trails, other things that came in. You heard a lot of testimony from this stand. Think, if you will, as Mr. Goeke speaks to you and as Mr. Miller speaks to you of the burden of proof beyond a reasonable doubt. But on what? *On the very elements I have just gone over with you again.*

Again the defense specifically objected and the objection was overruled. Defense counsel then argued to the jury, without objection, the correct law on self-defense. During the State's closing argument, the second prosecutor's argument continued along the same lines, with similar objections being lodged by the defense:

(Prosecutor): And I will put it down twice, twice Mr. Goeke—and I wrote it down while he was making his final argument. He said, 'If he offered any resistance or if he used any force'—now, see, now that's Mr. Goeke saying that. Now that's like the person saying, 'Well, I didn't commit the crime but if I did commit the crime I had a good reason for doing it.' Okay. Now that is—you have got to think about that. You have got to think about that. See? He was, you know, there is a lot of confusion and he was trying to mix up all the facts here, you know, but you have got to look at the elements that are being presented, *what the burden is the State has in this case. You have got to look at that and only hold us to that burden. That's what you promised me.*

(Defense Counsel): Judge, I object to a misstatement of the burden of proof. They also have the burden of disproving any defense beyond a reasonable doubt. They keep ignoring that.

(Court): Objection overruled.

(Defense Counsel): That's included in the charge.

(Prosecutor): Again, like I said and as Mr. Goeke is trying to say or bring up this issue of self-defense—okay—and that we have a burden of disproving that, that is correct if the issue of self-defense is raised. Okay. And what I am asking you to remember is the testimony. Was that issue raised? Mr. Whiting took the stand and said, 'I never resisted anybody. They pushed me and pulled me every way they wanted, but I was just, you know, a passive person. I never did anything.' Well, if he didn't resist anybody, then he is saying he never used any force. Then there is no self-defense. You only have the issue of self-defense when you use force. You are saying

that he was justified in using this force, but Mr. Whiting came up before you on the stand and said, 'I never used any force.' So, again, you know, I don't know where this issue of self-defense is coming into.

(Defense Counsel): Judge, I would like to object. The Court put the charge together from the evidence that is in the case. If there was (not) (sic) any evidence of self-defense during that struggle then it wouldn't be in the charge, and that's a misstatement of the circumstances.

(Court): The jury is charged with considering the issue of self-defense in the Court's charge. However, State's counsel may argue as he is whether or not that issue existed.

After pressing the court, appellant's objection was sustained but the court refused to instruct the jury to disregard. Following this exchange, the prosecutor twice more informed the jury the State's only duty was to "prove those elements in the information." The defense objection was overruled in both instances.

■ The scope of proper jury argument is: (1) summation of the evidence; (2) any reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; and (4) pleas for law enforcement. *Compton v. State*, 607 S.W.2d 246 (Tex.Cr.App.1980); *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973). It is not error for the State to quote or paraphrase the jury charge, even if the charge presents a negative instruction to the panel. *Jones v. State*, 641 S.W.2d 545 (Tex.Cr.App.1982). However, it is error for the State to present a statement of the law that is contrary to that presented in the charge to the jury. *Burke v. State*, 652 S.W.2d 788 (Tex.Cr.App.1983); *Mauldin v. State*, 628 S.W.2d 793 (Tex.Cr.App.1982); *Lincoln v. State*, 508 S.W.2d 635 (Tex.Cr. App.1974); *Davis v. State*, 506 S.W.2d 909 (Tex.Cr.App.1974). In *Burke*, supra, the prosecutor misstated the law of self-de-

fense as applied to the facts of the case. Reversing the judgment of the appeals court which affirmed the conviction, we found the prosecutor's remark was not only erroneous but "so manifestly improper, under the circumstances, to require the reversal of the judgment." *Id.* at 791. As in the instant case, the State had made subsequent references to the court's charge on self-defense. However, such reference to the charge, *without correcting the misstatement of the law,* was considered insufficient to overcome the "irreparable" harm to the appellant.

■ Here, the misstatement of law directly impacted upon the jury's perception of the burden to which the State was to be held before a verdict of guilt could be returned against appellant. While it is entirely true the State could properly rely on the panel's "promise" elicited during voir dire to hold the State to no higher burden than required, the prosecutors were also under a duty to argue their case in terms of the charge that was given, or at the least not to misstate their burden of persuasion on the defensive issue apparently raised by the evidence as shown by the instruction given without objection by the prosecution.[4] We must hold there was error committed by the State's deliberate and repeated misstatements of the burden of proof on the issue of self-defense, and such error was timely preserved by appellant's specific objections during final argument. *See and compare Johnson v. State*, 604 S.W.2d 128 (Tex.Cr.App.1980). To the extent we have found the trial court's rulings regarding the State's burden on the law of self-defense to be erroneous, appellant's ground for review is sustained. It remains to be determined whether the error complained of harmed appellant.

■ On direct appeal, the appeals court undertook an informal harmless error analysis loosely based upon our decision in *Lincoln,* supra, and the proposition that

---

4. We are not called upon and do not decide whether the evidence actually raised the defensive issue. Since there was no objection to the charge, the State would be held to the higher level of proof regardless of the existence of evidence to support the special charge submitted to the jury. *See Boozer v. State*, 717 S.W.2d 608 (Tex.Cr.App.1984) and *Benson v. State*, 661 S.W.2d 708 (Tex.Cr.App.1982) and their progeny.

any error was harmless given the correct instruction and its probable effect on the jury when read as a whole. That such an analysis was incorrect under *Burke,* supra, is without doubt. The *Burke* case was not even mentioned in the appeals court opinion. Moreover, the court's reliance on *Lincoln,* supra, is also misplaced. In *Lincoln,* supra, the prosecutor argued the law did not require the State to have an indictment to recite the correct name of an accused, an argument which contradicted the provisions of Arts. 21.02(4) and 21.07, V.A.C. C.P. However, since the charge contained no instruction concerning these code sections, this Court found the erroneous argument by the prosecutor was harmless given the fact it was not contrary to the charge. In the instant case, the charge did contain an instruction directly impacting upon the State's argument to the jury. *Lincoln,* supra, is factually distinguishable from the case at bar and provides no support for the decision by the Court of Appeals.

Since the *Burke* decision was handed down, we have developed new rules of appellate procedure which were in effect when the appeals court delivered its opinion in the instant case. A short time before the decision was delivered on direct appeal, this Court decided *Haynie v. State,* 751 S.W.2d 878 (Tex.Cr.App.1988), in which it was held as a general rule that TEX.R. APP.P. 81(b)(2) applies to jury argument error. Since *Haynie,* supra, we have reaffirmed the harmless error standard to be employed for jury argument error is Rule 81(b)(2). *See Orona v. State,* 791 S.W.2d 125 (Tex.Crim.App.1990); *Griffin v. State,* 779 S.W.2d 431 (Tex.Cr.App.1989).

The *Griffin* case presents a factual situation analogous if converse to that in the instant cause. There, the trial court, rather than overruling defense objections to

misstatements of law made by the State, sustained the prosecutor's objection to a correct statement of law made by defense counsel regarding the "burglary" of a vehicle. The Court of Appeals, without deciding whether the ruling was erroneous, held counsel had "cured" the arguably erroneous ruling by referring the jury to the trial court's charge in which the law was properly presented. In doing so the appeals court applied the "manifestly improper, harmful and prejudicial" test found in *Burke,* supra. Granting the appellant's petition for discretionary review, we found the appeals court had erred in applying the *Burke* standard and concluded the error to be "trial error" subject to the standard of review under Rule 81(b)(2).[5] Because the Court of Appeals did not have the opportunity to apply the correct standard of review in the case, we remanded the cause to that court for further review.

In the instant case, the Court of Appeals has yet to analyze the error in terms of Rule 81(b)(2) and our recent decision in *Harris v. State,* 790 S.W.2d 568 (Tex.Cr. App.1989). The judgment of the Court of Appeals is therefore reversed and this cause is remanded to that court to determine whether the error committed by the trial court in overruling defense counsel's objections to the State's misstatements of the law regarding its burden of proof on the law of self-defense may be deemed harmless under Rule 81(b)(2).

STURNS, J., not participating.

---

**5.** Although we reached the correct result in finding the *Burke* analysis to no longer be valid given the effective passage of Rule 81(b)(2), there is also language in the opinion which appears to attempt to distinguish the factual situation there from the one in *Burke* on the basis of "trial error." It should be remembered, even at the time of this writing, application of Rule 81(b)(2) has been in a developmental, if dynamic stage. *See Harris v. State,* 790 S.W.2d

568 (Tex.Cr.App.1989) for latest articulation of harmless error standard. *Griffin* and *Burke* present two sides of the same coin, based upon an erroneous ruling on an objection to the jury argument of a party regarding a statement of law. To the extent our decision in *Griffin* may be read to promote a different test because one case contains "trial error" while the other does not, such language is expressly disavowed.