IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-182-CR




JAMES C. KOLBE,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 7424, HONORABLE WENDELL A. ODOM, JUDGE


 





PER CURIAM

 A jury found appellant guilty of theft of property having a value of $750 or more
but less than $20,000. Tex. Penal Code Ann. § 31.03 (1989 & Supp. 1991). The district court
assessed punishment at imprisonment for five years, but imposition of sentence was suspended and
appellant was placed on probation.

 The jury found appellant guilty of stealing a fence belonging to the LaGrange State
Bank. Appellant contends that the evidence is not sufficient to support the verdict. Finding the
evidence to be sufficient, and appellant's other points of error to be without merit, we affirm.

 Using money borrowed from the bank, appellant purchased land in rural Fayette
County on which he built a house. In November 1989, the bank foreclosed on the property and
purchased it at a trustee's sale. Appellant continued to live in the house as the bank's tenant.

 The bank subsequently found a buyer for the property and, in February 1990, told
appellant he would have to move. On February 13, appellant told the president of the bank, E.H.
Baumbach, that he intended to remove a 2000-foot-long wooden fence from the property. This
fence was distinctive in that it was constructed without nails. The 1 x 6 rails slid into slots cut
through the wooden posts. On February 15, Baumbach and a bank director visited the property. 
They saw appellant removing his personal property. The fence was intact.

 The following day, the wooden fence had been substantially disassembled and
partially removed from the property. By February 21, the fence was entirely gone. On February
20, Baumbach and other persons investigating the theft visited a farm twenty miles away owned
by appellant's son, Jay Kolbe. There, they observed a goose-neck trailer loaded with lumber that
appeared, from a distance, to be identical to that in the missing fence. This trailer belonged to
appellant's son, but appellant often used it. The trailer was seen at appellant's place just before
the fence disappeared. Jay Kolbe had a fence like his father's, and there is testimony indicating
that this fence was extended after the theft. Jay Kolbe was working in California at the time the
fence was taken. His farm was maintained by full-time employees.

 No one saw the fence being moved. Appellant offered evidence that he was in
Houston on the days the fence was taken. Jay Kolbe and appellant's brother, Lloyd Kolbe,
testified that they had nothing to do with the removal of the fence and did not know who had taken
it. Jay Kolbe denied using the stolen fence on his property.

 Appellant does not dispute the bank's ownership of the fence. His point of error
challenges only the sufficiency of the evidence connecting him to the theft. The question is
whether, after viewing the evidence in the light most favorable to the prosecution, any rational
trier of fact could find beyond a reasonable doubt that appellant stole the fence. Carlsen v. State,
654 S.W.2d 444, 448 (Tex. Crim. App. 1983) (opinion on rehearing).

 The charge to the jury did not include an instruction on the law of parties. Tex.
Penal Code Ann. § 7.02 (1974). In applying the law to the facts, the jury was told that it could
convict appellant only if it found that he appropriated the property. Further, an alibi instruction
was given; the jury was told to find appellant not guilty if it found that he was at another place
at the time of the theft.

 Appellant said he was going to take the fence and, a few days later, the fence was
gone. Keeping in mind that the credibility of the witnesses and the weight to be given their
testimony was for the jury to determine, we conclude that the jury could infer from the evidence
beyond a reasonable doubt that appellant carried out his stated intention. The point of error is
overruled.

 As previously noted, the charge did not authorize appellant's conviction on the
theory of criminal responsibility for the acts of another. Appellant urges that during his closing
argument, the prosecutor made a statement contrary to the charge by telling the jurors they could
convict appellant as a party:



How do you know it happened -- because he called and said, I am taking the fence. 
I am taking the fence, and the fence is taken.


Did he physically load the boards -- I don't know -- don't need to know that.


Do you need to know that?


He is responsible for taking the fence.


 [Defense counsel]: We object to that, Your Honor -- saying somebody else
stole the fence -- saying he is responsible for it -- that is outside of the Charge. 
There is no law on parties in this charge. That is a misstatement of the law.


 THE COURT: Overruled. Let's proceed.



 An argument that contains a statement of the law contrary to the court's charge is
error. Burke v. State, 652 S.W.2d 788 (Tex. Crim. App. 1983). The prosecutor's statement was
contrary to the charge to the extent it implied that appellant could be found guilty even if he did
not personally participate in the theft, as by hiring someone else to steal the fence. But whether
the argument necessitates a reversal depends on the probable effect the argument had on the jurors
under the facts of the case. Blansett v. State, 556 S.W.2d 322, 328 (Tex. Crim. App. 1977). We
believe it unlikely that the prosecutor's statement was understood by the jury to be a reference to
the concept of criminal responsibility for the acts of another. Instead, we believe the jury was
more likely to focus on what was actually said, and the statement that appellant did not have to
physically load the boards was not contrary to the charge. Under the court's charge, the jury had
to find that appellant personally appropriated the fence, but the charge did not require a finding
that appellant acted alone. A finding that other persons helped appellant by loading the boards
onto the trailer would not be inconsistent with a finding of guilt under the charge, provided the
jury also found that appellant was present and actively engaged in the appropriation -- by driving
the truck, for example.

 We conclude that the prosecutor's argument, if error, was not so manifestly
improper, under the circumstances, as to require reversal of the judgment. Burke v. State, 652
S.W.2d at 791. We determine beyond a reasonable doubt that the error made no contribution to
the conviction. Tex. R. App. P. Ann. 81(b) (Pamph. 1991).

 Appellant's final point of error complains of the award of $10,000 in restitution as
a condition of probation. He argues that the evidence does not support restitution in that amount. 
The record reflects, however, that the court assessed punishment in accord with an agreement
between appellant and the State. The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Jones and B. A. Smith]

Affirmed

Filed: December 18, 1991

[Do Not Publish]