NO. 12-01-00115-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CHURQUIN MOSLEY,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Appellant Churquin Mosley pleaded guilty to the criminal offense of injury to a child. After
the jury entered a finding of guilty, the trial court assessed punishment at imprisonment for life. 
Appellant complains of improper jury argument on appeal. We affirm.

 Appellant pleaded guilty to placing her two-year-old child's feet in scalding hot water,
causing permanent and irreparable damage. During sentencing, the prosecutor stated the following: 


 No baby deserves that. None. No baby deserves what she put that baby through and what she will
suffer the rest of her life, being scarred the way that she is by her own mother. I'm sorry. I apologize
to the Court.



As the prosecutor spoke these words, she was crying. Appellant argues that the prosecutor
wrongfully argued her personal opinion and emotionally interjected her unsworn testimony, which
denied Appellant a fair sentencing. However, Appellant failed to object at the time of the argument,
which is necessary to preserve a complaint for appellate review. Tex. R. App. P. 33.1; Tidmore v.
State, 976 S.W.2d 724, 731 (Tex. App.-Tyler 1998, pet. ref'd). 

 Even if Appellant had properly preserved her complaint, the prosecutor's show of emotion
does not constitute error. The scope of proper jury argument is (1) summation of the evidence, (2)
reasonable deduction from the evidence, (3) answer to the argument of counsel, and (4) plea for law
enforcement. Whiting v. State, 797 S.W.2d 45, 47 (Tex. Crim. App. 1990). Counsel is afforded
wide latitude in drawing inferences from the evidence so long as they are fair, legitimate, and offered
in good faith. See Drew v. State, 743 S.W.2d 207, 218 (Tex. Crim. App. 1987); Mowbray v. State,
788 S.W.2d 658, 659, 671 (Tex. App.-Corpus Christi 1990, pet. ref'd). 

 The prosecutor's tears were conceivably produced by thoughts of the cruelty of the crime,
as well as its lasting effects upon the child. While showing emotion, the prosecutor was simply
drawing an inference from the evidence concerning the long-term damage done to the victim. Just
as an attorney's show of righteous indignation or anger in the defense of his client is not error, as
long it is within the scope of proper jury argument, neither is the show of sadness or sympathy by
a prosecutor. Accordingly, we overrule Appellant's sole issue. 

 We affirm the judgment of the trial court.


Opinion delivered July 31, 2002.

Panel consisted of Gohmert, C.J., Worthen, J., and Griffith, J.



















(DO NOT PUBLISH)