Opinion issued January 8, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01035-CR




MITCHELL JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 896336




MEMORANDUM OPINION

          A jury found appellant, Mitchell Johnson, guilty of assault on a public servant,
found two enhancement allegations in the indictment true, and assessed punishment 
at confinement for 25 years. On appeal, appellant contends that the trial court erred
in (1) commenting on the weight of the evidence, (2) failing to instruct the jury to
disregard closing arguments made by the prosecutor that were outside the record, (3)
excluding the testimony of a defense witness, and (4) overruling appellant’s objection
to closing arguments made by the prosecutor which asserted the prosecutor’s personal
opinion.
          We affirm.
Facts On December 10, 2001, at approximately 3:00 a.m., Houston Police Officer
J.M. Turrentine, complainant, noticed appellant driving with a headlight out. When
appellant turned onto an intersecting street without signaling, Officer Turrentine
turned on his patrol car’s emergency lights and began to follow appellant, indicating 
that he wanted appellant to stop. Instead of stopping, appellant sped away. Officer
Turrentine turned on his siren and gave chase. The two drove nearly a mile before
appellant suddenly stopped, bailed out of his car, and struck out on foot. Officer
Turrentine exited his car, as well, and continued the chase on foot. 
          When Officer Turrentine finally overtook appellant, an altercation ensued in
which appellant struck the officer in the neck, chin and mid-section with a closed fist. 
Officer Turrentine quelled appellant’s attack with a metal flashlight and appellant
eventually collapsed. Houston Police Officer G. N. Duron arrived at the scene in time
to see appellant collapse and the two officers concluded the arrest. Appellant was
later transported to L.B.J. hospital for treatment.
          At trial, appellant testified that he was being chased by a black Ford pickup. 
Appellant stated that he was trying to avoid the pickup—not Officer
Turrentine—when he sped away in his car. Appellant further asserted that he was not
aware that the person chasing him on foot was a police officer, until Officer
Turrentine overtook him. Appellant stated that, once he realized that an officer was
chasing him, he surrendered.
Comment on Weight of EvidenceIn his first point of error, appellant contends that the trial court erred in
commenting on the weight of the evidence. Specifically, appellant avers that the
court “made a clear and blatant comment obviously disparaging to the Appellant and
his trial counsel’s style of cross-examination of the police officer.” The comments
of which appellant complains were made by the court during appellant’s cross-examination of Officer Duron. During the cross-examination, the following exchange
took place:
[Defense Counsel]:What about those people that walk on the road
when there’s a sidewalk?
 
The court: Mr. Williams, let’s go [sic] to the point.
 
[Defense Counsel]:The point is, is this a neighborhood?
 
[Duron]: It does have a residential area in there.
 
[Defense Counsel]:People live there in that community; is that
correct?
 
[Duron]: Yes, sir.
 
[Defense Counsel]:You’re not trying to imply that all the people over
there are engaged in some type of illegal activity?
 
[Duron]: No, sir.
 
[Defense Counsel]:Or that everybody you see walking down the street
is a dope dealer?
 
[Duron]: No. For me— 
 
The court: You’ve answered the question. Let’s get to the
point.
 
[Defense Counsel]:Okay. My point, you heard the tire squealing and
that’s when you took out following; is that correct?
 
[Duron]: That’s when I—that’s when I exited— 
 
The court: You’ve answered the question. You don’t need to
go over a whole lot of stuff that’s already been
testified to.
 
[Defense Counsel]:Me, sir?
 
The court: Yes, sir.
 
[Defense Counsel]:Thank you, Judge.

          To present a complaint for appellate review, a party must make a showing in
the record that (1) the complaint was made to the trial court by a request, objection,
or motion that was timely and sufficiently specific to make the trial court aware of the
grounds of the complaint, and (2) the trial court ruled adversely or otherwise refused
to rule on the objection. Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App.
1999). Thus, if an objection to an improper comment is sustained, counsel must then
ask for an instruction to disregard; if such an instruction is given, counsel must
further move for a mistrial. Schumacher v. State, 72 S.W.3d 43, 47 (Tex.
App.—Texarkana 2001, pet. ref’d). Error is not preserved if the objection is not
pursued to an adverse ruling. Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim.
App. 1991).
          In the instant case, appellant’s complaint concerning the trial court’s comments
was not pursued to the level of an adverse ruling. Indeed, appellant failed to object
at all. We hold that appellant failed to preserve for appeal his complaint that the trial
court made an inappropriate comment on the weight of the evidence.
          We overrule appellant’s first point of error.
Exclusion of Testimony
          In his third point of error, appellant contends that the trial court erred in
excluding the testimony of defense witness Tamica Johnson for violating “the rule.” 
Specifically, appellant asserts that “even assuming for the sake of argument that the
testimony of defense witness Tamika [sic] Johnson would have been in violation of
‘the rule,’ appellant contends that the trial court should have allowed it anyway, and
the failure and refusal of the trial court to do so constituted an abuse of discretion.”
 
          Texas Rule of Evidence 614 (“the rule”) provides that “at the request of a party
the court shall order witnesses excluded so that they cannot hear the testimony of
other witnesses, and it may make the order of its own motion.” Tex. R. Evid. 614. 
Once invoked, the rule prohibits witnesses from hearing any testimony in the case or
talking to any other person about the case without the court’s permission. Lopez v.
State, 960 S.W.2d 948, 953 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). When
a defense witness is precluded from testifying for violating the rule, the propriety of
such preclusion must be considered in the context of the defendant’s constitutional
right to call witnesses on his behalf. Davis v. State, 872 S.W.2d 743, 745 (Tex. Crim.
App. 1994); Chavez v. State, 794 S.W.2d 910, 914 (Tex. App.—Houston [1st Dist.]
1990, pet. ref’d). An accused has the right to call and have his witnesses testify, and,
generally, a defense witness should not be excluded solely for violation of the rule. 
Lopez, 960 S.W.2d at 953.
          We review the trial court’s decision to exclude a witness’s testimony for an
abuse of discretion. Id. To determine if the trial court properly exercised its
discretion in excluding testimony, we use a two-prong analysis, considering (1)
whether any “particular and extraordinary circumstances” show the defendant or his
counsel consented, procured, connived, or had knowledge of a witness or potential
witness who was in violation of the sequestration rule, and (2) if no particular
circumstances existed to justify disqualification, whether the testimony of the witness
was crucial to the defense. Webb v. State, 766 S.W.2d 236, 240 (Tex. Crim. App.
1989). Appellant has the burden of establishing both prongs. Id. at 246.
          In the instant case, there was no evidence that either appellant or defense
counsel consented, procured or connived Ms. Johnson’s violation of the rule. 
Although defense counsel knew of the violation, he attempted to remedy the violation
as soon as he was made aware of it, as the following exchange indicates:
[Defense Counsel]:Your Honor, we call Ms. Tamica Johnson. She’s
in the hallway.
 
The court: Can I see both counsel, please.
 
. . . . 
 
The court: All right. Mr. Williams, I brought you up here
because the witness you just called I know was in
the courtroom while the officer was testifying. I
don’t know if you told her to leave. She was here. 
I don’t know how long she was here.
 
[Defense Counsel]:I don’t know how long she was, either. I looked
back and saw her and told her to get out and told
her to leave. She is going to testify to his address,
so I suppose she is a witness.
 
Based on this record, we conclude that no particular or extraordinary circumstances
existed to warrant Ms. Johnson’s disqualification.
          Having concluded that no circumstances existed to justify Ms. Johnson’s
disqualification, we must next determine whether appellant has shown that Ms.
Johnson’s testimony was crucial to his defense. 
          Ms. Johnson was to testify as to appellant’s address at the time of the offense. 
 Appellant asserts that “this testimony was relevant because it had a tendency to show
the Appellant had a legitimate and legal purpose in being in the area since he lived
there.” However, for an abuse of discretion to occur, the testimony must be more
than merely relevant to the defense; it must be crucial. 
          Appellant’s defense theory asserted that appellant was running from a black
Ford pickup and did not know the police were chasing him, until Officer Turrentine
overtook him, at which time appellant surrendered. Any nexus between appellant’s
defense and evidence of appellant’s address at the time of the offense is too tenuous
for such evidence to be considered “crucial.” We conclude that appellant has failed
to show that Ms. Johnson’s testimony was crucial to his defense. Therefore, we hold
that the trial court did not abuse its discretion in excluding the testimony of Tamica
Johnson.
          We overrule appellant’s third point of error.
Closing Arguments
          In his second and fourth points of error, appellant contends that the trial court
erred in (1) failing to instruct the jury to disregard closing arguments made by the
prosecutor that were outside the record and (2) overruling appellant’s objection to the
closing arguments made by the prosecutor that asserted the prosecutor’s personal
opinion.
A.      Comments Outside the Record 
          In his second point of error, appellant asserts that the trial court erred in failing
to instruct the jury to disregard the following comments made by the prosecutor
during closing arguments:
[Prosecutor]:Ladies and gentlemen of the jury, there is nothing
political about this situation, no lieutenants, there’s
no captains, it’s nothing involved. There’s a police
officer, he’s on patrol. He’s got the graveyard shift,
he turns around, and there’s a man running from
him, in a car. He runs for the better part of a mile,
over half a mile, slams on his brakes, jumps out of
this car, and starts taking off through an [sic]
abandoned apartments, crosses the street, starts
jumping fences. This happens all too often and it’s
a very— 
 
          [Defense Counsel]:  Your Honor, that’s outside—irrelevant.
 
          The court:                Sustained.

          [Defense Counsel]:  Ask the jury to disregard.
 
          The court:                Be denied.

Appellant contends that the prosecutor’s statement—“this happens all too
often”—was improper because it commented on evidence outside of the record.
          To complain of error on appeal, a defendant must make a specific, timely
objection. Havard v. State, 800 S.W.2d 195, 211 (Tex. Crim. App. 1989). A
defendant may not, on appeal, argue a reason for error that was not urged at trial. Id. 

Nor may a defendant use a trial objection stating one legal basis to support a different
legal theory on appeal. Martinez v. State, 867 S.W.2d 30, 35 (Tex. Crim. App. 1993).
In the instant case, although he objected to the prosecutor’s comment as being
irrelevant, appellant did not urge the reason for error he now attempts to bring on
appeal (i.e., that the comment was outside the record). Therefore, we hold that error,
if any, was waived by appellant.
          We overrule appellant’s second point of error.
B.      Prosecutor’s Personal Opinion
          In his fourth point of error, appellant asserts that the trial court erred in
overruling appellant’s objection to the following comments made by the prosecutor
during closing arguments:
[Prosecutor]:“The fact is, is he is—he’s not a straight shooter. 
And we got [sic] no evidence of why he’s using
two names. That is in evidence. Michael Coleman
versus Mitchell Johnson, as he’s known to the
police. This is a very dangerous situation that we
put police officers in. I can’t reiterate how
much—how well this officer did in this situation. 
I don’t know that— 
 
[Defense Counsel]:Judge, I’m going to object to his personal opinion,
how well someone did.
 
          [Prosecutor]:            I’ll withdraw the comment.
 
          The court:                Overruled.

 
Appellant contends that the prosecutor’s statement—“I can’t reiterate how much–how
well this officer did in this situation”—was improper because it was the personal
opinion of the prosecutor.
          To be permissible, closing argument must be confined to the following: (1)
summation of the evidence, (2) reasonable deduction from the evidence, (3) answer
to opposing counsel’s arguments, or (4) a plea for law enforcement. Burke v. State,
652 S.W.2d 788, 790 (Tex. Crim. App. 1983). When determining the permissibility
of an argument, we consider the argument in light of the record as a whole. See
Brandley v. State, 691 S.W.2d 699, 712 (Tex. Crim. App. 1985). Impermissible jury
argument constitutes reversible error only if, in the light of the entire record, the
argument is extreme or manifestly improper, violates a mandatory statute, or injects
into the trial new facts which are harmful to the accused. Wilson v. State, 938 S.W.2d
57, 59 (Tex. Crim. App. 1996). 
          In the instant case, the statement of which appellant complains was made in
response to appellant’s closing argument. In closing, appellant argued that he never
resisted arrest or attacked Officer Turrentine; therefore, the officer’s violence was
unwarranted. More particularly, appellant argued the following:
Do you really believe it when [Officer Turrentine] tells you that he
chased [appellant] for many blocks on foot, that he chased him and
when he got there he was not angry? You really believe that? What is
the mind set of a man that tells you I don’t need a back-up?
. . . . 
 
What is this officer’s mind set? You’re not here to criticize him. You’re
not here to criticize the police department. You’re not here to say he’s
lying. You’re here to say that’s proof beyond a reasonable doubt that
this man’s [sic] guilty. I suggest to you you take a very close look at the 
conduct of this officer. You must do that. Citizens, I know you don’t
want to do it. It’s the police, it’s Christmas, it’s Santa Claus, apple pie,
we all don’t want to go there, but you must look at the conduct of this
officer.
 
You must understand that we charge our centurions with our safety, but
we also charge them to use judgment, to stand there and wait ‘til Duron
gets there, and none of us are here. But no, I will take this into control,
even in hindsight, even when sitting on the jury stand a year later can
tell you I didn’t need a back-up. You know why? He didn’t need a
back-up because he knows on that night in question he was in control. 
He didn’t need a back-up because he knows on that night in question
this man is on his knees when he popped him and popped him and
popped his head with the flashlight.

          Because appellant raised an issue concerning the propriety of Officer
Turrentine’s conduct, it was not improper for the prosecutor to comment on the
propriety of the officer’s conduct as well. Furthermore, the State may use opinion
argument if it is based on evidence, and not unsworn testimony. Hawkins v. State, 99
S.W.3d 890, 898 (Tex. App.—Corpus Christi 2003, pet. ref’d). Both Officers
Turrentine and Duron testified as to the events leading to appellant’s arrest; therefore, 
the State had evidence upon which to base its opinion. We conclude that the
complained of statement was not an impermissible argument. Because the argument 
was proper, we hold the trial judge did not err in overruling appellant’s objection. 
          We overrule appellant’s fourth point of error.
 
CONCLUSION
          We affirm the judgment of the trial court.
 
 
                                                   Laura Carter Higley
                                                   Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.
Do not publish. Tex. R. App. P. 47.2(b).