

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RONALD FAY SCHERMERHORN, | § | |
| Appellant, | § | No. 08-13-00236-CR |
| | § | Appeal from the |
| v. | § | Criminal District Court Number Four |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC#1323955R) |
| | § | |

**O P I N I O N**

Appellant Ronald Fay Schermerhorn was found guilty of continuous sexual abuse of a young child and sentenced to life in prison. Appellant raises one issue on appeal, complaining the trial court erred in overruling his objection to the State's jury argument. We conclude the error was harmless and affirm.[1]

**BACKGROUND**

The jury charge submitted this case on the primary offense of continuous sexual abuse of a young child and on the lesser-included offenses of aggravated sexual assault of a child and indecency with a child by contact. After instructing the jury on the offense of continuous sexual

---

[1] This case was transferred to this Court from the Second Court of Appeals in Fort Worth, and we apply the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

abuse of a young child, the charge instructed the jury under what circumstances it could consider the lesser-included offense of aggravated sexual assault of a child:

> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of Continuous Sexual Abuse of a Child and proceed to consider whether the defendant is guilty of the lesser-included offense of Aggravated Sexual Assault of a child.[2]

This instruction properly informed the jury that: (1) it should acquit Appellant of continuous sexual abuse of a child unless it found beyond a reasonable doubt, or if it had a reasonable doubt, that Appellant committed the offense; and (2) if so, it was to consider whether Appellant was guilty of the lesser-included offense of aggravated sexual assault of a child.

In attempting to explain these instructions to the jury in final argument, however, the prosecutor stated:

> There is [sic], on about Page 4, a series of instructions, what we call lesser-included offenses.… [A]s the Court makes clear here, these, what we call lesser-includeds, the other verdicts below the first one are the place for you to manifest that. *If you, first of all, find and believe beyond a reasonable doubt that the continuous sex abuse did not occur, you must, as the instructions tell you, first to –* [emphasis added].

Defense counsel immediately objected, arguing that by telling the jury "[i]f they believe beyond a reasonable doubt that the sexual abuse did not occur," the State had shifted the burden of proof to the defense. The trial court overruled the objection. The prosecutor then immediately corrected his misstatement:

> Unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of continuous sex abuse and proceed to consider whether the Defendant is guilty of the lesser-included offense

---

[2] The jury was also instructed on the lesser-included offense of indecency with a child by contact: "Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of Aggravated Sexual Assault of a child and proceed to consider whether the defendant is guilty of the lesser-included offense of Indecency with a Child by contact."

2

of aggravated sexual assault of a child. You first deliberate on the continuous. Unless you -- if you find beyond a reasonable doubt there, stop. If you find beyond a reasonable doubt or you -- if you find -- unless you find or you have a reasonable doubt thereof, then you move on to the lessers.

## DISCUSSION

In a single issue, Appellant complains the trial court erred in overruling his objection because the State's comment "improperly inverted the burden of proof in the case." Appellant notes that it is error for the State to present a statement of law that is contrary to that presented in the jury charge. *See Whiting v. State*, 797 S.W.2d 45, 48 (Tex.Crim.App. 1990) (while it is not error for the State to quote or paraphrase the jury charge, "it is error for the State to present a statement of the law that is contrary to that presented in the charge to the jury"); *see also Slater v. State*, No. 02-11-00368-CR, 2013 WL 2631194, at *4 (Tex.App. – Fort Worth June 13, 2013, pet. ref'd) (mem. op., not designated for publication). The State contends any error was harmless. We agree the error was harmless.

It is clear that the prosecutor both misstated the law and made a comment that was contrary to the court's charge. *See Whiting*, 797 S.W.2d at 48*; Burke v. State,* 652 S.W.2d 788, 790 (Tex.Crim.App. 1983); *Grant v. State,* 738 S.W.2d 309, 311 (Tex.App. – Houston [1st Dist.] 1987, pet. ref'd); *see also Slater*, 2013 WL 2631194, at *4. And, by overruling the defense's objection, the trial court put its stamp of approval on the prosecutor's misstatement of the law. *See Griffin v. State,* 779 S.W.2d 431, 434 (Tex.Crim.App. 1989); *Burke,* 652 S.W.2d at 790.

Our inquiry does not end here, however. Improper argument error of this type is non-constitutional in nature, and a non-constitutional error "that does not affect substantial rights must be disregarded." TEX.R.APP.P. 44.2(b); *Freeman v. State*, 340 S.W.3d 717, 728-29 (Tex.Crim.App. 2011); *Martinez v. State,* 17 S.W.3d 677, 692–93 (Tex.Crim.App. 2000). To

determine whether appellant's substantial rights were affected, we balance the severity of the misconduct (i.e., the prejudicial effect), any curative measures, and the certainty of conviction absent the misconduct. *Freeman*, 340 S.W.3d at 728; *Martinez,* 17 S.W.3d at 692–93; *Mosley v. State,* 983 S.W.2d 249, 259 (Tex.Crim.App. 1998).

The prosecutor's comment was a very small portion of the State's entire closing argument at the guilt phase. The State did not emphasize the comment. In fact the prosecutor – apparently recognizing his mistake – immediately corrected himself and properly told the jury that "[u]nless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of continuous sex abuse and proceed to consider whether the Defendant is guilty of the lesser-included offense of aggravated sexual assault of a child." Viewing the State's closing argument as a whole, we cannot conclude that there was a willful and calculated effort to deprive Appellant of a fair and impartial trial. *See Brown v. State*, 270 S.W.3d 564, 572-73 (Tex.Crim.App. 2008) (in evaluating the severity of the misconduct, we assess whether the jury argument is extreme or manifestly improper by looking at the entire record of final arguments to determine if there was a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial).

Further, viewing the record as a whole, we cannot conclude that Appellant was prejudiced by the prosecutor's comment. There was no curative instruction given because the trial court overruled the objection. The prosecutor, however, immediately corrected himself, thereby mitigating any harmful effect of his misstatement. *See Hawkins v. State*, 135 S.W.3d 72, 84 (Tex.Crim.App. 2004) ("Although a prosecutor's self-corrective action might not carry the same weight as a trial court's instruction to disregard, it is nevertheless a relevant consideration in

4

determining harm and can, in the appropriate circumstances, render an improper comment harmless."); *see also Walker v. State*, No. 14-10-00389-CR, 2011 WL 977534, at *8 (Tex.App. – Houston [14th Dist.] March 22, 2011, pet. ref'd) (mem. op., not designated for publication) (prosecutor's misstatement of law concerning lesser-included offense harmless where prosecutor corrected herself).

And, the trial court's charge properly instructed the jury that, if the State failed to prove beyond a reasonable doubt that Appellant committed continuous sexual abuse, it should consider the lesser-included offenses.   The jury is presumed to have followed the trial court's instructions. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex.Crim.App. 2005).   Given this presumption, it is unlikely that Appellant could have been harmed by the prosecutor's comment.   *See Hawkins*, 135 S.W.3d at 84 (discussing importance of fact that charge accurately instructed jury on the law); *see also Lee v. State*, 971 S.W.2d 130, 131-32 (Tex.App. – Houston [14th Dist.] 1998, pet. ref'd) (in an almost identical case, prosecutor's misstatement of burden of proof with regard to lesser-included offense was harmless where charge accurately set out the law).

Moreover, the evidence presented during the guilt phase showed clearly that Appellant sexually abused the child over a period of time such that any misstatement about lesser-included offenses and the burden of proof could not have affected the jury.   *See Walker*, 2011 WL 977534, at *9 (misstatement of law concerning lesser-included offenses was harmless where evidence overwhelmingly showed defendant committed greater offense).

Given the brevity of the prosecutor's comments, the lack of prejudice, and the strength of the evidence supporting Appellant's conviction, we conclude that any error associated with the prosecutor's comment was harmless.   Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


                                    STEVEN L. HUGHES, Justice

July 1, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

6