**Affirmed and Majority and Dissenting Opinions filed April 16, 2024.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-22-00561-CR

**VICTOR HUGO CUEVAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 17-DCR-078884**

### DISSENTING OPINION

The prosecutor and the judge got the law wrong. In voir dire, the prosecutor insisted that you cannot resort to self-defense if you are committing a crime. The judge overruled defense counsel's objection—three times. The prosecutor used an incorrect power point to emphasize the issue. Defense counsel tried to explain that self-defense was still available even if you were engaged in criminal activity. The prosecutor objected and the judge sustained the objection.

The State waived opening. Defense counsel tried to explain the correct law in his opening. The prosecutor objected and the judge sustained the objection.

Over objection, the judge gave the presumption instruction that should not have been given about self-defense. In closing, the prosecutor used that law to argue against self-defense. The defense objected but the judge overruled the objection.

While the majority agrees that the voir dire argument was error and that the instruction should not have been given, the majority finds no harm. I believe that appellant suffered some harm and should get a new trial. I respectfully dissent.

## I. Did appellant suffer some harm?

Having objected to the inclusion of the presumption instruction, appellant only needs to show some harm to entitle him to a new trial. Neither appellant nor the State has the burden with regard to showing or proving harm. *See Elizondo v. State*, 487 S.W.3d 185, 205 (Tex. Crim. App. 2016). We must make our own assessment as to whether harm occurred. *Id.* In determining whether appellant suffered "some harm," we must look at (1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) any other relevant factors present in the record. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

### A. Error in Light of the Entire Jury Charge

While the majority is correct that the application paragraph did not repeat the presumption language, the presumption language was used throughout the trial to prevent the use of self-defense—rather than the presumption that it was. The charge also contained another error as outlined by the majority—designed to limit appellant's right to self-defense. I would consider this a neutral factor at best.

### B.    Arguments of Counsel

The majority correctly notes that the prosecutor incorrectly argued this point in closing, weighing in favor of harm. But what the majority fails to note is that the defense objected to this argument and was overruled by the judge—"putting a stamp of judicial approval on the prosecutor's misstatement of law." *See Burke v. State*, 652 S.W.2d 788, 790 (Tex. Crim. App. 1983). And although the defense counsel tried to set things straight in his closing, it came before the damaging arguments by the prosecution.[1] This factor alone supports a finding of harm in my opinion.

### C.    The Entirety of the Evidence

This case was about a drug deal gone bad. Appellant was there to sell drugs to Ose—what motivated him to shoot Ose? Was it his intent all along to kill Ose? Then why would the drug sale be in such a public place? Why would he leave his cell phone behind? Something happened. Appellant was armed for the deal—but apparently so was Ose as another gun was found in the car. The police did not check that gun for prints. Ose was parked in a way to make a quick getaway, while appellant was on a motorcycle that does not provide much protection in a gun battle. Does it make sense that appellant just pulled out a gun and started shooting? The evidence is a neutral factor at best.

### D.    Other Relevant Factors

The majority found no other relevant factors to consider. But as I outlined above, the State's misunderstanding of the law started with voir dire, and continued through opening and closing statements. What made it worse was that the judge agreed with the State—repeatedly either overruling objections by the defense or sustaining objections by the State.

---

[1] And frankly the explanation was difficult to follow.

During sentencing, the jury found that appellant acted under sudden passion. It was defined as "passion directly caused by and arising out of provocation by the individual killed." The prosecutor noted in closing that this was just self-defense again—which is true. There was no evidence that there would be any provocation by Ose other than his attempt to rob appellant at gun point. This is some indication that the jury felt self-defense was at play.

These factors weigh in favor of some harm.

## II.     Conclusion

Having weighed the *Almanza* factors, I would find that appellant suffered some harm from the improper instruction and would reverse and remand for a new trial. Because the majority does not, I respectfully dissent.

/s/     Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

Publish — Tex. R. App. P. 47.2(b).