NUMBER 13-99-036-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


PEDRO GUERRA
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 370th District Court


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez 

Opinion by Justice Dorsey



 A jury convicted appellant, Pedro Guerra, of murder, attempted
murder, and aggravated assault and assessed his punishment at sixty
years in prison for all three offenses. By five points of error appellant
complains of charge error, improper jury argument, improper admission
of evidence, and he challenges the sufficiency of the evidence. We
affirm. 

I. Facts


 About June 29, 1996 Manuel Vasquez and appellant drove past
Juan Cabrera's house in Elsa, Texas. Juan was in front of his house,
and appellant told him that he "was going to go down." Two days later
Vasquez and appellant again drove past Juan's house. Juan was in
front of the house, and appellant pointed a gun out the window and
stated, "Damn bastard, you're going down." Later that day Juan was
driving Rafael Rodriguez, Efrain Garza, Randy Rodriguez, and Arthur
Salazar to his home. As they drove near Vasquez' house rocks were
thrown at Juan's car. Everybody got out of Juan's car and approached
the house. Appellant, Vasquez, and some other people were in front of
the house. An argument ensued, and the people in Juan's group began
throwing sticks and pipes at appellant and Vasquez. Vasquez went into
his house and returned with a .22 rifle. Appellant took the rifle and shot
Efrain three times. When Juan tried to help Efrain, appellant shot Juan
twice, killing him. Appellant also shot Randy one time.

 Appellant did not testify during the guilt/innocence phase and did
not call any witnesses to testify for him during guilt/innocence.

II. Charge Error


 By point one appellant asserts that the trial court erred by
including a "Provoking the Difficulty" instruction in each of the three
charges on guilt/innocence. He argues that there was no evidence to
support the inclusion of the instruction.

 The doctrine of provocation acts as a limitation or total bar on an
accused's right to self-defense. Smith v. State, 965 S.W.2d 509, 512
(Tex. Crim. App. 1998). The rule states that if the accused provoked
another to make an attack on him, so that the accused would have a
pretext for killing(1) the other under the guise of self-defense, the accused
forfeits his right of self-defense. Id.

 A charge on provocation is required when there is sufficient
evidence (1) that the accused did some act or used some words which
provoked the attack on him, (2) that the act or words were reasonably
calculated to provoke the attack, and (3) that the act was done or the
words were used for the purpose and with the intent that the accused
would have a pretext for inflicting harm upon the other. Id., at 513. An
instruction on provocation should only be given when there is evidence
from which a rational jury could find every element of provocation
beyond a reasonable doubt, viewing the evidence in the light most
favorable to giving the instruction.. Id., at 514. The first element--that the accused did some act or used some words which provoked the
attack on him--triggers the inquiry into whether the issue of provocation
may be present in the case. Id. If the evidence allows an inference
beyond a reasonable doubt that the victim attacked the accused in
response to something that the accused did or said, this will be
sufficient to allow the jury to find the first issue in the affirmative. Id.,
at 514, 516. This finding can be made through inference relying on
circumstantial evidence. Id., at 515.

 The evidence showed that prior to the shooting appellant had told
Juan that he was going to go down, called him a bad name, and
pointed a gun at him. Shortly afterwards rocks were thrown at Juan's
car as he drove passed Vasquez's home. Although no one actually saw
appellant throw the rocks he was in front of the house where the rocks
came from. The jury was aware that appellant had insulted Juan and
had threatened him just hours before the rocks were thrown. Thus the
jury could reasonably conclude that appellant was involved in throwing
the rocks. When a confrontation arose between Juan and his friends
and appellant and his friends, appellant killed Juan and wounded Randy
and Efrain. We conclude that the evidence allows an inference beyond
a reasonable doubt that the victims attacked appellant in response to
something that appellant said or did. Thus the evidence is sufficient to
allow the jury to find the first element in the affirmative.

 The second element--that the accused's acts or words were
reasonably calculated to provoke the attack--ensures that an accused
will not lose the right of self-defense over acts or words which cause an
unwarranted attack. Id., at 517. An act is reasonably calculated to
cause an attack if it is reasonably capable of causing an attack, or if it
has a reasonable tendency to cause an attack. Id. This can be
determined from circumstantial evidence. Id.

 Calling someone a bad name, threatening that person, and
throwing rocks at the person's vehicle are acts which are reasonably
capable of causing an attack, or have a reasonable tendency to cause
an attack. See e.g., Bateson v. State, 80 S.W. 88, 93 (Tex. Crim. App.
1904) (jury's belief that accused called deceased a son of a bitch would
suffice to provoke assault by deceased) (cited with approval in Smith,
965 S.W.2d at 517). Thus the evidence is sufficient to allow the jury to
find the second element in the affirmative.

 The third element requires that the act was done, or the words
were used, for the purpose and with the intent that the accused would
have a pretext for killing the victim. Even though a person does an act
which provokes an attack by another, if he had no intent that the act
would have such an effect as part of a larger plan of doing the victim
harm, he does not lose his right of self-defense. Id., at 518. Intent is
a matter of fact to be determined from all of the circumstances. Id. 
Some provoking acts may be of such a character that they carry the
inference of intent with them. Id.

 The evidence of appellant's prior threats toward Juan, along with
the rock throwing, is sufficient for a rational jury to properly conclude
that appellant had the requisite intent and that he was trying to provoke
or inspire Juan and his friends to attack him so that he would have a
pretext for killing Juan. Viewing the evidence in the light most
favorable to giving the instructions we hold that the trial court did not
err by giving the provocation instructions because a rational jury could
have found every element of provocation beyond a reasonable doubt.(2) 
We overrule point one.

III. Jury Argument


 By point two appellant complains of six instances where the State
made improper remarks during closing argument at the guilt/innocence
phase. A proper jury argument must fall within four general areas: 
summation of the evidence; reasonable deduction from the evidence,
answer to opposing counsel's argument, and a plea for law
enforcement. Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App.
1999). Error exists when facts not supported by the record are
interjected in the argument, but such error is not reversible unless, in
light of the record, the argument is extreme or manifestly improper. Id.

 In the first instance the State argued that appellant intended to kill
the victims, or knew the result of what his actions would be by "hitting
them where he hit them." Appellant objected that the State was asking
the jury to convict on a theory not set forth in the indictment. The court
overruled the objection. The State was making a reasonable deduction
from the evidence, arguing that based upon where appellant had shot
the victims, he was trying to kill them or injure them.

 In the second and third instances the State told the jury that it had
to prove its case beyond a reasonable doubt, but that its burden at
appellant's juvenile certification hearing(3) was probable cause. Appellant
objected that the State was shifting the burden of proof, and the trial
court sustained the objection. The State may not misstate or shift the
burden of proof. See Whiting v. State, 797 S.W.2d 45, 48 (Tex. Crim.
App. 1990). However this argument was not so extreme or manifestly
improper that it amounted to reversible error. See Guidry, 9 S.W.3d at
154.

 In the fourth instance the State argued that the shooting was
planned. Appellant objected on the basis that there was no evidence
that the shooting was planned. The court overruled the objection. 
Although there is no direct evidence that appellant had planned the
shooting, there was evidence that appellant had threatened Juan and
that when rocks were thrown at Juan's car this gave appellant the
opportunity to shoot him and his friends. A reasonable deduction from
this evidence is that appellant had planned to kill Juan.

 In the fifth instance the State commented that a State's witness
was instructed about what he could and could not say. Defense
counsel objected that the State was striking at appellant over counsel's
shoulders. The trial court sustained the objection, instructed the jury
to disregard the remark, but denied the motion for mistrial. The State
may not strike at the accused over the shoulders of his counsel or
accuse counsel of bad faith and insincerity. McGee v. State, 774
S.W.2d 229, 238 (Tex. Crim. App. 1989). Generally an instruction to
disregard a comment in jury argument will cure the error. Id. 
Reversible error occurs only when statements to the jury are so
extreme, manifestly improper, or inject new and harmful facts into the
case that they deprive the accused of a fair and impartial trial. Id.

 The record in this case showed that after the court denied the
mistrial the State's attorney explained to the court that she was talking
about herself and that she did not indicate that defense counsel had
done anything improper. We hold that the instruction to disregard
cured the error, if any, and that the trial court did not err by denying the
motion for mistrial. 

 In the final instance appellant asserts that the State improperly
argued intent contrary to the court's charges. He complains of the
following argument:

 If you do not believe that he intended to kill, or knowingly if
he -- it is, is either intent. It is not just intent. It is
intentionally or knowingly. But Defense counsel
conveniently leaves out the knowingly. It is intentionally or
knowingly. Did he intend to do it? Did he walk up to them
or aim in their direction with the intent to cause the result? 
He either intended to do it or he should have known.


 Appellant objected on the basis that the argument was "outside
the charge." The trial court sustained the objection and told the jury,
"[Y]ou are guided by the instructions, and that closing arguments by
both sides are merely their rendition of what they believe the evidence
is showing." We hold that the argument was not so extreme or
manifestly improper that the instruction could not have cured the error. 
We overrule point two.

IV. Sufficiency of the Evidence


 By point three appellant attacks the legal sufficiency of the
evidence to support his convictions, claiming there is no evidence to
show that he intended to kill the victims. When reviewing the legal
sufficiency of the evidence we apply the test set forth in Jackson v.
Virginia, 443 U.S. 307 (1979); Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999). A jury may infer the intent to kill from the use
of a deadly weapon unless it would not be reasonable to infer that
death or serious bodily injury could result from the weapon's use. 
Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).

 Appellant was convicted of Juan Cabrera's murder and the
attempted murder of Efrain Garza. Concerning these offenses the
charges required the jury to find from the evidence beyond a reasonable
doubt that at the time appellant shot at them he intended to cause their
deaths. He was also convicted of the aggravated assault of Randy
Rodriguez. A conviction for this offense did not require an intent to kill.

 The evidence showed that appellant had threatened Juan prior to
the shooting. When Juan and Efrain approached appellant at Vasquez's
house appellant aimed the rifle at Efrain and shot him three times at
close range. When Juan tried to help him, appellant killed Juan. It was
reasonable for the jury to infer appellant's intent to kill Juan and Efrain. 
We hold that the evidence is legally sufficient to support appellant's
convictions for murder and attempted murder. We overrule point three.

V. Extraneous Offenses


 By point four appellant asserts that the trial court erred by
admitting evidence of extraneous offenses at the guilt/innocence phase. 
The trial court, over appellant's objections, allowed two witnesses to
testify about the two instances when appellant had told Juan Cabrera
that he was going down. The court instructed the jury that they were
to consider this testimony for the limited purpose of proof regarding
motive, or absence of mistake or accident.

 Rule 401 of the Texas Rules of Evidence states that relevant
evidence is "evidence having any tendency to make the existence of any
fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence." Tex.
R. Evid. 401. This rule is qualified by Rule 403 which states, "Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues,
or misleading the jury. . . ." Tex. R. Evid. 403. Rule 404(b) states that
evidence of other crimes, wrongs or acts may be admissible for
purposes such as proof of motive or absence of mistake or accident. 
Tex. R. Evid. 404(b). 

 The issue in the case was whether appellant was acting in self-defense when he shot the victims. The evidence concerning appellant's
prior threats towards Juan are relevant to show his motive for shooting
the victims and that he did not shoot them by accident or mistake. 
Because the jury, due to the limiting instructions, could consider the
evidence for these reasons only, the probative value of the evidence is
not substantially outweighed by the danger of unfair prejudice,
confusion of the issues, or misleading the jury. We hold, therefore, that
the trial court did not err by admitting testimony of the extraneous
offenses into evidence. We overrule point four.

VI. Hearsay


 By point five appellant asserts that in three separate instances the
trial court erred by admitting hearsay testimony. In the first instance
Rafael Rodriguez testified about the time when appellant pointed the
gun out the window of Manuel Vasquez's car and told Juan that he
was going down. When appellant had said this to Juan, Juan was
with Rodriguez and someone named Patty. The State's attorney asked
Rodriguez if anybody had said anything after appellant had made the
threat. Over appellant's hearsay objection Rodriguez testified that Patty
told Juan to call the police. The State offered the testimony as an
excited utterance.

 Rule 803(2) of the rules of evidence provide that a statement is not
excluded by the hearsay rule if it is "[a] statement relating to a startling
event or condition made while the declarant was under the stress of
excitement caused by the event or condition." Tex. R. Evid. 803(2). In
order for the utterance to be admissible the statement must be the
product of a startling occurrence, the declarant must have been
dominated by the emotion, excitement, fear, or pain of the occurrence,
and the statement must be related to the circumstances of the startling
occurrence. See McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim.
App. 1992).

 In the instant case the evidence showed that Patty's statement
was the product of a startling occurrence, that she was dominated by
the fear or excitement of the occurrence when she made the statement,
and her statement was related to the circumstances of the occurrence.

 In the second instance Irene Balli testified that her husband,
Rafael, was at the scene when the shooting had occurred. Minutes
after the shooting Irene asked him what had happened. Over
appellant's hearsay objection Irene recounted what her husband had
told her about the shooting. The State offered the testimony as an
excited utterance. The evidence showed that Rafael's statement was
the product of a startling occurrence (the shooting), that he was
dominated by the fear and excitement of the shooting when he made
the statement, and his statement was related to the circumstances of
the shooting.

 In the third instance the evidence showed that Officer Garcia
arrived at the scene shortly after the shooting and talked to one of the
victims. Garcia testified that the victim told him: "That Pete [appellant]
was responsible for whatever happened." Because appellant did not
object to this testimony it is not preserved for our review. Tex. R. App.
P. 33.1(a)(1)(A). We overrule point five.

 We affirm the trial court's judgment.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 17th day of August, 2000.

1. In Smith the court said that although we address the issue in
terms of intent to kill the victim the law equally applies to a forfeiture of
right to self-defense of any degree of harm that the accused intends to
inflict upon the victim. For instance if the accused uses provocation
with intent to assault the victim, and provokes an attack and makes an
assault, then self-defense is lost regarding the assault. Id., at 512-13.
2. The Smith Court noted that a reviewing court does not have the
responsibility to decide if the evidence actually established that the
accused provoked the difficulty with the intent to harm the deceased. 
That question is properly within the province of the jury as judge of
credibility and finder of fact. Smith, 965 S.W.2d at 519-20.
3. Appellant allegedly committed the offenses when he was a
juvenile. At a prior proceeding he was certified to stand trial as an
adult.