Affirmed and Memorandum Opinion filed March 18, 2004









Affirmed and Memorandum Opinion filed March 18, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00471-CR

____________

 

ABEL RODRIGUEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 899,451

 



 

M E M O R A N D U M   O P I N I O N

Appellant Abel Rodriguez was found guilty
of the offense of murder, and the jury sentenced him to fifteen years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In one point of error, appellant claims the
trial court erred in overruling his objections to improper jury argument.  We affirm.

 

 








I.   Background

On January 11, 2002, appellant stabbed the
complainant, Uvaldo Losoya, Jr., with a knife at least fifteen times.  The complainant died as a result of the
wounds.  Appellant admitted to stabbing
the complainant, but claimed he was acting in defense of his fiancée, Tammy
Biesner.[1]  That night, appellant and Biesner had gone to
a club in north Houston where Biesner occasionally worked.  Appellant played pool while Biesner talked
with some people at the bar.  Jashona
Jones, the bartender on duty that evening, spoke briefly with the
complainant.  During their conversation,
the complainant told Jones that he had just gotten out of prison and commented
that Jones was the best thing he had seen in a while.  The complainant then asked Jones where the
restrooms were and walked towards them.  

Appellant testified he saw the complainant
in the restroom.  According to appellant,
the complainant was holding a knife and a small bag and asked appellant if Ahe wanted some.@  Appellant said the complainant wanted to know
if appellant was a member of a prison gang and told appellant he was looking
for a fight because he was Aready to
[expletive] someone up.@ 
Appellant left the bathroom and returned to the pool table.








Jones later saw the complainant talking
with Biesner at the bar.  Jones saw
Biesner grab the complainant=s shirt and push
him backwards, causing both of them to fall over some bar stools and onto the
floor.  Jones jumped over the top of the
bar and attempted to separate Biesner and the complainant.  Two bystanders saw the disturbance and tried
to assist Jones.  Jones heard a man say, ALet go of her.@ 
Jones heard Biesner respond, AHe don=t have me; I have him.@ 
Appellant
then stabbed the complainant several times. 
One of the bystanders then attempted to separate appellant and the
complainant, but was stabbed by appellant in the hand.  When the complainant attempted to pull
himself up on the bar, appellant stabbed him at least two times in the
back.  Appellant wiped his knife blade,
and left the bar with Biesner.  The
couple was later arrested in Wisconsin. 
At trial, Biesner said the complainant had grabbed her left breast and
put his arm around her neck, and that when she tried to hit him, they
fell.  Biesner denied making the comment, AHe don=t have me; I have him.@  She
said she was in fear of her life during the scuffle.  Appellant testified that he also feared for
Biesner=s life when he
stabbed the complainant.

II.   The Jury Argument

In his only point of error, appellant
claims the prosecutor improperly told the jury during closing argument that
appellant was required to retreat if he could have done so.  Specifically, appellant contends (1) the
comment that A[a] reasonable person standing in
[appellant=s] shoes must retreat, if at all possible@ was a comment on
the law that justifies deadly force in defense of a third person; (2) this
statement was a misstatement as to the law of defense of a third person; (3)
the comment was contrary to the trial court=s charge; and (4)
the trial court erred by not overruling appellant=s objection to it.  Because the complained-of argument related to
the self-defense paragraph in the charge rather than the
defense-of-third-person paragraph in the charge, we find no error.

To fall within the realm of proper jury
argument, the argument must encompass one of the following general areas: (1)
summation of the evidence presented at trial; (2) a reasonable deduction drawn
from the evidence; (3) an answer to the opposing counsel=s argument; or (4)
a plea for law enforcement.  Wesbrook
v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), cert. denied,
532 U.S. 944 (2001).  It is not error for
the State to quote or paraphrase the jury charge.  Whiting v. State, 797 S.W.2d 45, 48
(Tex. Crim. App. 1990).  However, it is
error for the State to present a statement of the law that is contrary to that
presented in the charge to the jury.  Id.









The charge contained an instruction
regarding self-defense on page three and an instruction regarding the defense
of a third person on page four.  During
closing argument, appellant=s counsel informed
the jury that the charge contained both instructions, but noted appellant was
only arguing that his actions were justified under the theory of defense of a
third person.  At the beginning of her
closing argument, the prosecutor asked the jury to look at both theories of
defense in the charge and to notice how many times the words Areasonably@ or Areasonable@ appeared.  The focus of the prosecutor=s argument was that
appellant=s actions were not reasonable under the
circumstances.  The following exchange
took place:

[Prosecutor]:  The question becomes: Was it reasonable?  Does the lawCdo you 12 ladies and gentlemen of
the jury excuse or justify his behavior? 
And that=s really what it comes down to and
you=ve got to look at this from a
reasonable person=s perspective.  A reasonable person standing in his shoes
must retreat, if at all possible. 
Was there a possibility to retreat?

[Defense counsel]: Objection,
Judge.  That is not a part of the law of
defense of third persons.  It is a part
of the law as to self-defense.

The Court: Overruled.

[Defense counsel]: And it must be
from [Biesner=s] point of view on retreat.  That=s what the charge says.

The Court: Overruled.

[Prosecutor]: I=ll refer you to page 3 in the
charge and the second paragraph.  If
a reasonable person in his situation would not have retreated.  He=s justified if a reasonable person in his situation would
not have retreated.  And we talk again
about retreating on the fourth page. 
A reasonable person, if the reasonable person being defended would
not have retreated.  Was it
reasonable?  If it was reasonable to get
away, ask for help, see what else is going on, then he has to do that first.

 

The prosecutor then continued to argue why appellant=s actions were not
reasonable and concluded her argument by stating that his actions did not
constitute self-defense or defense of another.








When the prosecutor said that appellant
should have retreated, if possible, the jury may have been confused as to which
portion of the charge or to which defensive-theory she was referring.  However, after the objection by appellant=s counsel, the
prosecutor referred the jury to paragraph two on page three of the charge.  By this reference, the prosecutor directed
the jury to the self-defense instruction. 
The duty to retreat would apply to this instruction.  See
Tex. Pen. Code Ann. ' 9.32(a)(3)
(Vernon 2003) (providing that a person is justified in using deadly force in
self‑defense if a reasonable person in the actor=s situation would
not have retreated).  The prosecutor then
turned the jury=s attention to page four of the chargeCthe page
containing the instruction on the defense of a third personCand instructed the
jury that the standard with regard to this defense was whether the person being
defended would have retreated.  Again,
the prosecutor provided a proper statement of law with regard to that
defense.  See Hughes v. State,
719 S.W.2d 560, 565 (Tex. Crim. App. 1986) (stating that the defense of third
person A>applies= the law of
retreat only to the third person, and then only in the sense that it requires
the accused to make the reasonable assessment, from his standpoint, that a
reasonable person in the third person=s shoes would not
have retreated, before he may act with deadly force in that person=s behalf@).  The prosecutor=s argument
directed the jury=s attention to two defensive instructions
in the jury charge, and provided the jury with the correct legal standard
concerning retreat for each theory. 
Accordingly, we find no error because the prosecutor=s closing argument
did not contain a misstatement of law.

Appellant=s sole point of
error is overruled, and we affirm the trial court=s judgment.

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 18, 2004.

Panel
consists of Justice Yates, Anderson and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Appellant and
Tammy Biesner are now married.  Tammy
Biesner is identified in the record as both Tammy Biesner and Tammy
Rodriguez.  For ease of reference, we
will refer to appellant=s wife as Tammy Biesner.